Christopher A. Carr (# 44444)
D. Dennis La (#237927)
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900
Fax: (626) 577-7764

Attorneys for Defendant
Wells Fargo Bank, N.A., successor by
merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia
Mortgage, FSB, f/k/a World Savings
Bank, FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KEITH WINTERBOWER,<br><br>              Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity form unknown, REGIONAL TRUSTEE SERVICES CORPORATION, a business entity form unknown, and DOES 1-100, inclusive,<br><br>              Defendants. | Case No.: SACV13-00360-DOC-(MLGx)<br><br>[Assigned to the Hon. David O. Carter, Crtrm. 9D]<br><br>**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    April 15, 2013<br>Time:    8:30 a.m.<br>Dept:    Crtrm 9D |

TO PLAINTIFF, HIS COUNSEL OF RECORD, AND THE HONORABLE

COURT:

PLEASE TAKE NOTICE that on April 15, 2013 at 8:30 a.m. in Courtroom

9D of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana,

California, the Honorable David O. Carter, Judge presiding, defendant Wells Fargo

Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), will move to dismiss each claim for relief in the first amended complaint filed by plaintiff Keith Winterbower pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  Grounds for the motion are:

**First Claim for Relief: Violation of California Civil Code § 2923.6;**
**Second Claim for Relief: Violation of California Civil Code § 2924**

Plaintiff fails to state a claim because: (i) plaintiff lacks standing; (ii) the Homeowners' Bill of Rights ("HBOR") is not applicable to the subject loan; (iii) the HBOR does not apply retroactively; (iv) there is no right to a loan modification under California or federal law; (v) Wells Fargo properly commenced foreclosure proceedings as the beneficiary under the deed of trust; and (vi) the claim is preempted by the Home Owner's Loan Act ("HOLA").

**Third Claim for Relief: Violation of Business and Professions Code § 17200**

Plaintiff fails to state a claim because: (i) the pleadings fail to allege a predicate fraudulent or unlawful business act of Wells Fargo; (ii) there is no right to a loan modification under California or federal law; (iii) plaintiff lacks standing to bring a claim under Business & Professions Code § 17200, et seq.; (iv) any request for injunctive relief fails for lack of tender; and (v) the claim is preempted by HOLA.

**Fourth Claim for Relief: Negligence**

Plaintiff fails to state a claim because: (i) a lender does not owe a legal duty to its borrower; (ii) a lender does not guarantee a borrower's financial ability to repay a loan; (iii) there is no right to a loan modification under California or federal law; and (iv) the claim is preempted by HOLA.

**Fifth Claim for Relief: Unfair Debt Collection**

Plaintiff fails to state a claim because: (i) the Rosenthal Act does not apply to lenders foreclosing on a deed of trust; and (ii) non-judicial foreclosures is not

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1   "debt collection" within the meaning of the Rosenthal Act.

2      **<u>Sixth Claim for Relief: Accounting</u>**

3      Plaintiff fails to state a claim because: (i) there is no fiduciary or "special"

4 relationship between a lender and borrower; (ii) no amount is due to plaintiff.

5      **Compliance with Local Rule 7-3**.

6      This motion is made following the conference pursuant to L.R. 7-3 held on

7 March 7, 2013.  That conference failed to yield a resolution of the grounds for the

8 motion.

9

10                      Respectfully submitted,

11 Dated: March 7, 2013         ANGLIN, FLEWELLING, RASMUSSEN,
                              CAMPBELL & TRYTTEN LLP

12

13                  By: *<u>/s/ D. Dennis La</u>*

14                   D. Dennis La
                  Attorneys for Defendant

15                   Wells Fargo Bank, N.A., successor by
                  merger with Wells Fargo Bank Southwest,

16                   N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
                  World Savings Bank, FSB ("Wells Fargo")

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION TO DISMISS

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

1.  INTRODUCTION ....................................................................................................1

2.  SUMMARY OF PLEADINGS AND JUDICIALLY  NOTICEABLE DOCUMENTS................................................................................................................1

    A.  The Loan. ....................................................................................................1

    B.  Plaintiff's Default and Foreclosure Proceedings. .................................2

    C.  Plaintiff's Transfer Of Interest To The Trust....................................2

    D.  Plaintiff's Claims. ....................................................................................3

3.  THE HBOR IS NOT APPLICABLE.......................................................................3

    A.  Plaintiff Lacks Standing.........................................................................3

    B.  The HBOR Does Not Apply To A Trust. ..............................................4

    C.  The HBOR Does Not Apply Retroactively. ..........................................4

    D.  There Is No Federal Or State Law Mandating A Modification. ........6

5.  PLAINTIFF'S FAILURE TO TENDER PRECLUDES ANY EQUITABLE RELIEF .................................................................................................................13

6.  EACH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW.........................14

    A.  First Claim for Violation of Civil Code § 2923.6;.............................14

    B.  Third Claim for Unfair Business Practices Under § 17200. ............15

    C.  Fourth Claim for Negligence. ...............................................................18

    D.  Fifth Claim for Unfair Debt Collection. ..............................................18

    E.  Sixth Claim for Accounting. ..................................................................19

7.  CONCLUSION.......................................................................................................20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Alicea v. GE Money Bank*,
 2009 U.S. Dist. LEXIS 60813 ........................................................................ 13

*American Banker Ass'n. v. Lockyear*,
 239 F. Supp. 2d 1000 (E.D. Cal. 2002) ............................................................ 7

*Bank of America v. The City & County of San Francisco*,
 309 F.3d 551 (9th Cir. 2002) ........................................................................... 7

*Beall v. Quality Loan Serv. Corp.*,
 2011 U.S. Dist. LEXIS 29184 (S.D. Cal. Mar. 21, 2011) ................................ 10

*Birdsong v. Apple, Inc.*,
 590 F.3d 955 (9th Cir. 2009) ........................................................................... 16

*Cabanilla v. Wells Fargo*,
 2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) ............................. 17

*Chabner v. United Omaha Life Ins. Co.*,
 225 F.3d 1042 (9th Cir. 2000) ......................................................................... 16

*Conference of Fed. Savs. & Loan Ass'n v. Stein*,
 604 F.2d 1256 (9th Cir. 1979) ........................................................................... 8

*DeLeon v. Wells Fargo Bank, N.A.*,
 729 F. Supp. 2d 1119 (N.D. Cal. 2010) ................................................. 7, 9, 15

*Dizon v. California Empire Bancorp, Inc.*,
 2009 U.S. Dist. LEXIS 109339 (C.D. Cal. Nov. 9, 2009) ................................. 6

*Escobedo v. Countrywide Home Loans, Inc.*,
 2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009) ............................... 6

*Guerrero v. Wells Fargo Bank, N.A.*,
 2010 U.S. Dist. Lexis 96261 ........................................................................... 10

*Hite v. Wachovia Mortg.*,
 2010 U.S. Dist. LEXIS 57732 (E.D. Cal. June 10, 2010) ................................ 15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Hunt v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 29110 (N.D. Cal. Mar. 21. 2011) ................................ 15

*Izenberg v. ETS Services, LLC*,
   589 F. Supp. 2d 1193 (C.D. Cal. 2008) ................................................................ 19

*Kearns v. Ford Motor Co.*,
   567 F. 3d 1120 (9th Cir. 2009) .......................................................................... 17

*Kuoha v. Equifirst Corp.*,
   2009 U.S. Dist. LEXIS 94699 (S.D. Cal. Oct. 7, 2009) ...................................... 6

*Nguyen v. Wells Fargo Bank, N.A.*,
   749 F.Supp.2d 1022 (N.D. Cal. 2010) ........................................................ 10, 15

*Parcray v. Shea Mortgage, Inc.*,
   2010 U.S. Dist. LEXIS 40377, 2010 WL 1659369 (E.D. Cal. Apr. 23,
   2010) .................................................................................................................. 11

*Qureshi v. Countrywide Home Loans, Inc.*,
   2010 U.S. Dist. LEXIS 21843 (N.D. Cal. March 10, 2010) ............................... 16

*Ricon v. Recontrust Co.*,
   2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009) .................................... 19

*Sato v. Wachovia Mortg., FSB*,
   2011 U.S. Dist. LEXIS 75418 (N.D. Cal. July 13, 2011) .................................. 10

*Silvas v. E*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) .............................................................................. 8

*Stefan v. Wachovia, World Savings*,
   2009 U.S. Dist. LEXIS 113480 .............................................................................. 9

*Taquinod v. World Savings Bank, FSB*,
   2010 U.S. Dist. LEXIS 127677 (C.D. Cal. Dec. 2, 2010) ................................. 10

*Villa v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) .................................... 6

*Zarif vs. Wells Fargo Bank, N.A.*
   2011 U.S. Dist. Lexis 29867 (S.D. Cal 2011) ....................................................... 9

iii

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# STATE CASES

*Abdallah v. United Savings Bank,*
  43 Cal. App. 4th 1101 (1996) ............................................................ 13

*Bethman v. City of Ukiah,*
  216 Cal. App. 3d 1395 (1989) ............................................................ 4

*Cadlo v. Owens-Illinois, Inc.,*
  125 Cal. App. 4th 513 (2004) ............................................................ 17

*County of Fresno v. Shelton,*
  66 Cal. App. 4th 996 (1998) ............................................................ 4

*Del Mar Beach Club Owners Ass'n v. Imperial Contracting Co.,*
  123 Cal.App.3d 898 (1981) ............................................................ 4

*Doe v. City of Los Angeles,*
  42 Cal.App.4th 531 (2007) ............................................................ 4

*Farmers Ins. Exch. v. Super. Court,*
  2 Cal. 4th 377 (1992) ............................................................ 16

*Gantman v. United Pac. Ins. Co.,*
  232 Cal. App. 3d 1560 (1991) ............................................................ 4

*Gavina v. Smith,*
  25 Cal. 2d 501 (1944) ............................................................ 14

*Hall v. Time, Inc.,*
  158 Cal. App. 4th 847 (2008) ............................................................ 15

*Ingels v. Westwood One Broad. Servs., Inc.,*
  129 Cal. App. 4th 1050 (2005) ............................................................ 16

*Lazar v. Superior Court,*
  12 Cal. 4th 631 (1996) ............................................................ 17

*Lopez v. World Savs. & Loan Ass'n,*
  105 Cal. App. 4th 729 (2003) ............................................................ 8

*Mabry v. Superior Court,*
  185 Cal. App. 4th 208 (June 2, 2010) ............................................................ 6, 10, 11

NOTICE OF MOTION TO DISMISS

*Meetz v. Mohr*,
141 Cal. 667 (1904) ........................................................................................ 14

*Myers v. Philip Morris Companies, Inc.*,
28 Cal.4th 828 (2002) ...................................................................................... 5

*Nymark v. Heart Fed. Sav. and Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ................................................................. 18, 19

*Perlas v. GMAC Mortgage, LLC*,
187 Cal. App. 4th 429 (2010) ........................................................................ 18

*San Pedro Lumber Co. v. Reynolds*,
111 Cal. 588 (1896) ........................................................................................ 19

*Sipe v. McKenna*,
88 Cal. App. 2d 1001 (1948) .......................................................................... 13

*Stebley v. Litton Loan Servicing, LLP*,
202 Cal. App. 4th 522 (2011) ........................................................................ 11

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ....................................................................... 7, 12

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .......................................................................... 16

Cal. Civ. Code § 2920.5(c) ................................................................................. 4

Cal. Civ. Code § 2923.5 ..........................................................................passim

Cal. Civ. Code §§ 2923.5 and 2924, *et seq.* ...................................................... 5

Cal. Civ. Code § 2923.6 .............................................................................. 10, 14

Cal. Civ. Code § 2923.6 and 2924 ...................................................................... 15

Cal. Civ. Code § 2923.6(g) .................................................................................. 3

Cal. Civ. Code § 2924 .................................................................................. 11, 14

Cal. Civ. Code § 2924.12 ................................................................................... 12

Cal. Civ. Code § 2924.12(i) ............................................................................... 13

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

v

Cal. Civ. Code § 2924.12(b) ........................................................................ 12

Cal. Civ. Code § 2924.17(c) ........................................................................ 13

Cal. Civ. Code § 2924.19(b) ........................................................................ 13

Cal. Civ. Code § 2924(a)(1) ........................................................................ 15

Cal. Code Civ. Proc. § 367 .......................................................................... 4

**State Laws** ............................................................................................. 7, 8

**RULES**

Fed. R. Civ. P. 9(b) .................................................................................... 17

**REGULATIONS**

12 C.F.R. § 541.11 ...................................................................................... 7

12 C.F.R. § 545.2 ........................................................................................ 8

12 C.F.R. § 560.2 ........................................................................................ 8

12 C.F.R. § 560.2(b)(4) ................................................................................ 8

12 C.F.R. § 560.2(b)(4) & (10) ..................................................................... 9

12 C.F.R. § 560.2(b)(5) ................................................................................ 8

12 C.F.R. § 560.2(b)(9) ................................................................................ 9

12 C.F.R. § 560.2(b)(10) .............................................................................. 9

(12 C.F.R. § 560.2(b) (2011)) .................................................................. 10, 12

OTS' regulations 560.2(b)(4), (5), (9) and (10) .............................................. 9

**CONSTITUTIONAL PROVISIONS**

Bill of Rights ............................................................................................ 1, 3

**OTHER AUTHORITIES**

5 Witkin, California Procedure, Pleading, § 821 (5th ed. 2008) ......................... 19

5 Witkin, California Procedure, Pleading, § 820 (5th ed. 2008 ) ......................... 19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION TO DISMISS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action arises from a $525,000.00 secured loan made by Wells Fargo Bank, N.A.'s ("Wells Fargo") predecessor, World Savings Bank, FSB ("World Savings"), to plaintiff Keith Winterbower ("plaintiff") in January 2006. The loan fell into default, so Wells Fargo commenced foreclosure proceedings against the real property that plaintiff pledged to secure the loan.

Now, more than two years after defaulting on the loan, plaintiff has filed the first amended complaint ("FAC"), claiming Wells Fargo cannot proceed with the sale based on the Homeowner's Bill of Rights ("HBOR") enacted in 2013.[1] (FAC ¶¶ 68-69.)

The HBOR, however, does not apply to plaintiff's loan. Further, plaintiff lacks standing to assert the claims in the FAC, all of which fail as a matter of law. This includes federal preemption of the claims pursuant to the Homeowners' Loan Act ("HOLA"). Accordingly, for these and all of the reasons briefed below, Wells Fargo respectfully requests that the Court grant its motion to dismiss, with prejudice.

## 2. SUMMARY OF PLEADINGS AND JUDICIALLY NOTICEABLE DOCUMENTS

### A. The Loan.

On January 30, 2006, plaintiff Keith Winterbower and Debra Winterbower borrowed $525,000.00 from World Savings. The loan was memorialized by an adjustable rate note and secured by a deed of trust recorded against 2333 Colgate Drive, Costa Mesa, California ("Property"). A true and correct copy of the deed of

---

[1] The caption of the original complaint specified the plaintiffs as Keith Winterbower, as Trustee to the Keith Winterbower Revocable Trust, and Debra Winterbower. Now in the FAC, Keith Winterbower alone – in his individual capacity – is the sole plaintiff.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    trust is attached to the accompanying Request for Judicial Notice ("RJN") as

2    Exhibit A.

3        In January 2008, World Savings changed its name to Wachovia Mortgage,

4    FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A.,

5    before merging into Wells Fargo Bank, N.A. in November 2009.  (RJN, Exhs. B,

6    C, D, E, and F are true and correct copies of: (i) a Certificate of Corporate

7    Existence dated April 21, 2006, issued by the Office of Thrift Supervision,

8    Department of the Treasury ("OTS"), (ii) a letter dated November 19, 2007, on the

9    letterhead of the OTS authorizing a name change from World Savings Bank, FSB

10   to Wachovia Mortgage, FSB, (iii) the Charter of Wachovia Mortgage, FSB, dated

11   December 31, 2007 signed by the OTS, (iv) an Official Certification of the

12   Comptroller of the Currency stating that, effective November 1, 2009, Wachovia

13   Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then

14   merged with and into Wells Fargo Bank, N.A. and (v) a page from the F.D.I.C.

15   website showing a history of World Savings Bank, FSB and its merger with Wells

16   Fargo.)

17       **B.    Plaintiff's Default and Foreclosure Proceedings.**

18       Plaintiff defaulted on the loan in or around September 2011, so a notice of

19   default was recorded in the Orange County Recorder's Office on December 7,

20   2011.  (RJN, Exh. G is a true and correct copy of the notice of default.)

21       On March 8, 2012, a notice of trustee's sale was recorded, originally setting

22   the sale date on March 29, 2012.  (RJN, Exh. H is a true and correct copy of the

23   notice of sale.)

24       **C.    Plaintiff's Transfer Of Interest To The Trust.**

25       On April 27, 2012, plaintiff recorded a "Grant Deed – Trust Transfer" in the

26   Orange County Recorder's Office granting all of his interest to "The Keith

27   Winterbower Revocable Trust, Keith Winterbower, Tracy Gaines, Robert

28

1  Stallworth, and Juanita Oyague as co-trustees" ("Trust").  (RJN, Exh. I a copy of
2  the grant deed.)

3         D.     **Plaintiff's Claims.**

4         In the FAC, plaintiff basically alleges four claims which are carried forward
5  through all claims for relief:

6         • "When borrowers, including Plaintiff, get behind on their mortgage,
7           and fees for these default-related services are added on to the past-due
8           principal and interest payments, Defendants' practices make it
9           increasingly difficult for borrowers to ever bring their loan current."
10          (FAC ¶ 60);

11        • Plaintiff claims that he "has never been fairly evaluated for a
12          foreclosure prevention alternative, including a loan modification, and
13          there has been a material change in Plaintiff's financial
14          circumstances…" (FAC ¶ 68);

15        • "…[P]ursuant to the new California Homeowner's Bill of Rights,
16          specifically Civil Code section 2923.6(g), Defendants must evaluate
17          Plaintiff's application…" (FAC ¶ 69); and

18        • "[T]there are NO known recorded Assignments transferring any such
19          beneficial interest to…Defendant Regional Trustee Service
20          Corporation…" Therefore, plaintiff claims Regional "is a stranger to
21          Plaintiff's transaction."  (FAC ¶¶ 78-79.)

22        As briefed below, none of plaintiff's six causes of action is actionable.

23              **3.    THE HBOR IS NOT APPLICABLE**

24         A.     **Plaintiff Lacks Standing.**

25         As set forth above, plaintiff recorded a grant deed transferring all of his
26  interest in the Property to the Trust in April 2012.  Based thereon, plaintiff cannot
27  assert damages under the HBOR.

28         Every action must be prosecuted in the name of the real party in interest,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  except as otherwise provided by statute.  Cal. Code Civ. Proc. § 367; *Gantman v.*
2  *United Pac. Ins. Co.*, 232 Cal. App. 3d 1560, 1566 (1991); *Del Mar Beach Club*
3  *Owners Ass'n v. Imperial Contracting Co.,* 123 Cal.App.3d 898, 906 (1981) ("[i]n
4  order to state a cause of action for injury to real property, plaintiff's ownership,
5  lawful possession, or right to possession, of the property must be alleged.")

6      Here, plaintiff lacks standing to pursue any claim relating to the Property
7  when he assigned all of his interest to the Trust.  Since plaintiff gave up his
8  interest to the Property, he cannot assert rights of the Trust.  *Bethman v. City of*
9  *Ukiah,* 216 Cal. App. 3d 1395, 1399 (1989) (court may take judicial notice of
10  ownership); *County of Fresno v. Shelton,* 66 Cal. App. 4th 996, 1009 (1998)
11  (complaint subject to demurrer for lack of standing based upon judicially
12  noticeable documents).

13      Further, the Court has the inherent power to protect the integrity of its
14  proceeding by not accepting implausible allegations made on behalf of an
15  incompetent plaintiff.  *Doe v. City of Los Angeles*, 42 Cal.App.4th 531, 551 (2007).
16  Any attempt by plaintiff to bring the claims herein should be dismissed.

17      **B.    The HBOR Does Not Apply To A Trust.**

18      What is more, plaintiff is estopped from bringing any HBOR claim as it
19  applies to a "natural person" only.  Civ. Code § 2920.5(c).

20      Here, plaintiff assigned his interests to the Trust shortly following the
21  recording the notice of trustee's sale in March 2012 (RJN, Exhs. H and I) – thereby
22  precluding the HBOR allegations in the FAC.  This is further evidenced by Keith
23  Winterbower's filing of the FAC as the sole plaintiff and not on behalf of the
24  Trust.

25      As plaintiff transferred all of his property rights to the Trust, the HBOR does
26  not apply.  The action should be dismissed accordingly.

27      **C.    The HBOR Does Not Apply Retroactively.**

28      Further, the HBOR is inapplicable to the alleged wrongdoing in the FAC –

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

4

1   as such conduct occurred prior to the HBOR's effective date of January 1, 2013.

2         The HBOR, as noted by the California Department of Justice, Office of the

3   Attorney General, "became law on January 1, 2013 to ensure fair lending and

4   borrowing practices for California homeowners."  As such, the HBOR does not

5   apply to conduct that occurred prior to its effective date of January 1, 2013.  There

6   is no provision in the law stating that its provisions apply retroactively.  Indeed, it

7   would not make any sense for it to apply retroactively because it was meant to

8   supplement and replace specific provisions of Civil Code §§ 2923.5 and 2924, *et*

9   *seq.*, that expired on December 31, 2012.  As one recent California Supreme Court

10  case noted:

11              California courts comply with the legal principle that

12              unless there is an express retroactivity provision, a statute

13              will not be applied retroactively unless it is very clear

14              from extrinsic sources that the Legislature ... must have

15              intended a retroactive application.  California courts

16              apply the same general prospectivity principle as the

17              United States Supreme Court.  Under this formulation, a

18              statute's retroactivity is, in the first instance, a policy

19              determination for the Legislature and one to which courts

20              defer absent some constitutional objection to

21              retroactivity. But a statute that is ambiguous with respect

22              to retroactive application is construed ... to be

23              unambiguously prospective.

24  *Myers v. Philip Morris Companies, Inc.*, 28 Cal.4th 828, 841 (2002).

25        Here, plaintiff seeks to litigate conduct that occurred in 2011 – when the

26  notice of default was recorded.  Plaintiff fails to make any allegation of

27  wrongdoing by Wells Fargo in 2013.  As such, plaintiff's claims under the newly-

28  enacted HBOR are without merit.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**D.**     **There Is No Federal Or State Law Mandating A Modification.**

Further, while plaintiff alludes to the Home Affordable Modification Program ("HAMP") and the HBOR, there is no California or federal law compelling a lender to modify a borrower's loan.

It is well-settled that HAMP does not mandate a lender to modify all mortgages that meet the eligibility requirements.  Rather, "[p]articipating servicers are required to *consider* all eligible loans under the program guidelines unless prohibited by the rules of the applicable PSA and/or other investor servicing agreements."  *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, at *7 (S.D. Cal. Dec. 15, 2009) (emphasis added); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at *7 (S.D. Cal. Mar. 15, 2010) ("the HAMP agreement did not require loan servicers to modify eligible loans; thus . . . the borrowers lacked standing to enforce the agreement.")  As a result, the *Escobedo* and *Villa* courts both granted the banks' motions to dismiss with prejudice.

Likewise, Civil Code § 2923.4 makes clear that while "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any…[n]othing in the act…shall be interpreted to require a particular result of that process."  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214, 222-223, n.9, 231 (June 2, 2010).  Civil Code § 2923.5 merely requires discussions concerning foreclosure alternatives.  *Dizon v. California Empire Bancorp, Inc.*, 2009 U.S. Dist. LEXIS 109339, at *14 (C.D. Cal. Nov. 9, 2009); *Kuoha v. Equifirst Corp.*, 2009 U.S. Dist. LEXIS 94699, at *13 (S.D. Cal. Oct. 7, 2009) ("Section 2923.5 imposes no such mandate.")

Accordingly, plaintiff is not entitled to a loan modification as suggested in the FAC.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 4. PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE HOME OWNERS' LOAN ACT ("HOLA")

### A. At The Time of Loan Origination, World Savings Was A Federal Savings Bank Operating Under HOLA.

During the Great Depression, Congress enacted HOLA to "restore the public's confidence in savings and loan associations at a time when 40% of home loans were in default." *Bank of America v. The City & County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002). HOLA was enacted in part due to Congressional dissatisfaction with the regulation of home financing by the states. *American Banker Ass'n v. Lockyear*, 239 F. Supp. 2d 1000, 1010 (E.D. Cal. 2002).

When the loan funded in 2006, World Savings was a federal savings bank regulated by the OTS. (RJN, Exs. B and C.) On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB, but remained chartered under HOLA and overseen by the OTS. (RJN, Ex. D.) Effective November 1, 2009, Wachovia Mortgage, FSB, became a division of Wells Fargo Bank, N.A. (RJN, Ex. E.)[2]

### B. The OTS's Regulations Promulgated Under HOLA Preempt Any State Laws That Affect Lending.

Through its regulatory authority, the OTS "occupies the entire field of

---

[2] HOLA applies even though World Savings is no longer chartered as a federal savings bank. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the DeLeons [plaintiff], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.) HOLA, 12 U.S.C. § 1461, *et seq.*, governs the operations of a "federal savings association," which by definition include federally chartered savings banks. 12 C.F.R. § 541.11. World Savings' lending operations were therefore governed by HOLA when it made the subject loan.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

lending regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS's regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS adopted a regulation governing the precise subject of the state provision."  *Lopez v. World Savs. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

### C.    State Laws Preempted by HOLA.

In *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (quoting *Conference of Fed. Savs. & Loan Ass'n v. Stein*, 604 F.2d 1256, 1257 (9th Cir. 1979)), the Ninth Circuit described the HOLA regulations as "so pervasive as to leave no room for state regulatory control."  Among those regulations are OTS's regulations 560.2(b)(4), (5), (9) and (10), which preempt state laws that would impose requirements on federal savings banks regarding:

> **The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due**, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; 12 C.F.R. § 560.2(b)(4);
>
> **Loan-related fees, including without limitations, initial charges, late charges, prepayment penalties, servicing fees**, and overlimit fees; 12 C.F.R. § 560.2(b)(5);
>
> **Disclosure and advertising, including laws requiring specific statements**, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

8

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1    credit reports to borrowers or applicants; 12 C.F.R.

2    § 560.2(b)(9); and

3    **Processing, origination, servicing, sale or purchase of,**

4    **or investment or  participation in, mortgages**; 12 C.F.R.

5    § 560.2(b)(10) (emphasis added).

6    **D.**   **Plaintiff's Claims in the FAC Are Preempted by HOLA.**

7         **i.**   **Modification Claims.**

8    District Courts have ruled that improper foreclosure claims based

9    on modification discussions are preempted:

10        As currently pled, each of Plaintiffs' claims specifically

11        challenge the processing of Plaintiffs' loan modification

12        application and servicing of Plaintiffs' mortgage, and fall

13        within the specific types of preempted state laws listed in §

14        560.2(b)(4) & (10).  Accordingly, each of Plaintiffs' claims

15        are preempted by HOLA… *Zarif vs. Wells Fargo Bank,*

16        *N.A.* 2011 U.S. Dist. Lexis 29867, at **8-9  (S.D. Cal.

17        March 23, 2011).

18   The Court dismissed the complaint "[f]or this reason alone…" *Id.*

19        In *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D.

20   Cal. 2010), plaintiffs alleged that the lender proceeded to sale without concluding

21   modification discussions.  Plaintiffs brought a wrongful foreclosure suit, yet the

22   court found that plaintiffs' state law claims related to "processing" and "servicing"

23   of the subject mortgage and were preempted by HOLA.  *Id.*, at 1126-28.

24   Specifically, the court preempted the state claims based on violation of Civil Code

25   § 2923.5.  *Id.*

26        In *Stefan v. Wachovia, World Savings,* 2009 U.S. Dist. LEXIS 113480, at

27   **8-9 (N.D. Cal. Dec. 7, 2009), the court determined that claims challenging the

28   defendants' efforts to foreclose were preempted by HOLA.  The Court held

9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    To the extent that these state laws are applicable to the

2    foreclosure process or the loan agreement itself, they are

3    expressly preempted by section 560.2(b).  **Specifically,**

4    **Plaintiff's claims of misconduct surrounding the**

5    **foreclosure proceedings clearly fall under the**

6    **preemption provisions for "processing, origination, sale**

7    **or purchase of ... mortgages" and "disclosure"...** *Id.*, at

8    **8-9 (emphasis added).

9    In *Guerrero v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. Lexis 96261, at

10   **4-8 (C.D. Cal. Sept. 14, 2010), the Court found preemption of plaintiffs' claims

11   that they would have reinstated the loan prior to expiration of the reinstatement

12   period if they were informed that the trustee's sale would proceed.  The *Guerrero*

13   Court found that these allegations are preempted by HOLA as they attack the

14   bank's disclosures and processing, servicing and sale of a mortgage.  *See also Sato*

15   *v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 75418, at *20 (N.D. Cal. July

16   13, 2011) (dismissing claim alleging that lender violated Civ. Code § 2923.6 by

17   failing to modify her loan; claim "clearly falls under the preemption provisions for

18   'processing, origination, sale or purchase of ... mortgages' and 'terms of credit.'")

19        **ii.    HBOR Claims.**

20   As demonstrated above, plaintiff's claims under the HBOR are not

21   actionable.  Assuming *arguendo* the statute did apply – which it does not –

22   plaintiff's claims would be preempted by HOLA consistent with the holding in

23   *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226-232 (2010).[3]

24

25   _____

26   [3]  While the Court of Appeal held that a claim under Civil Code § 2923.5 was not
     preempted by HOLA, numerous district courts have disagreed. *See, e.g., Taquinod*

27   *v. World Savings Bank, FSB*, 2010 U.S. Dist. LEXIS 127677, at *20 (C.D. Cal.
     Dec. 2, 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022 (N.D. Cal.

28   2010); *Beall v. Quality Loan Serv. Corp.*, 2011 U.S. Dist. LEXIS 29184, at *22

10

Prior to January 1, 2013, the *only* remedy available for a violation of the non-judicial foreclosure laws codified under Civil Code §§ 2923.5 and 2924 *et seq*. was equitable relief (*i.e.*, an order enjoining the foreclosure sale (prospectively) or rescinding it (retrospectively)).  There was no right to, for example, a loan modification or monetary damages. *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA. *Id*. at 231.  In beginning its analysis of the preemption issue, the Court of Appeal noted as follows:

> A remarkable aspect of section 2923.5 is that is appears to have been carefully drafted to avoid bumping into federal law, *precisely because it is limited* to affording borrowers only more time when lenders do not comply with the statute.  *Id.* at 226 (emphasis added).  The Court appeared to go out of its way to narrowly construe the impact of the requirements set forth in section 2923.5 so as to avoid federal preemption.  "We emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by federal banking regulations because it *is*, or can be construed to be, very narrow." *Id.* at 231 (emphasis in original).  When examining the lender's obligations under the statute to "assess" and "explore," the court held that these words "must be narrowly construed *in order to avoid crossing the line* from state foreclosure law into federally preempted loan servicing." *Id.* at 232 (emphasis added).[4]

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

---

(S.D. Cal. Mar. 21, 2011); and *Parcray v. Shea Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 40377, 2010 WL 1659369, at *9 (E.D. Cal. Apr. 23, 2010).

[4]  In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the Court of Appeal acknowledged that the limited relief available under Civil Code §

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Moreover, the court found that preemption was not
warranted "because the remedy for noncompliance is a
simple postponement of the foreclosure sale, nothing
more," a distinction the court " emphasize[d]."  *Id*. at 214
(emphasis added).

Given the substantial additional remedies now available for violation of the
HBOR, a narrow interpretation cannot possibly save the statute from preemption.
*See* Civ. Code §§ 2924.12, and 2924.17.   These new remedies are quite unlike the
limited relief available under § 2923.5.  For example, Civil Code § 2924.12(b)
provides for the imposition of monetary damages against a lender or servicer:

A mortgage servicer, mortgagee, trustee, beneficiary, or
authorized agent shall be liable to a borrower for actual
economic damages pursuant to Section 3281, resulting from
a material violation of Section 2923.55, 2923.6, 2923.7,
2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage
servicer, mortgagee, trustee, beneficiary, or authorized
agent where the violation was not corrected and remedied
prior to the recordation of the trustee's deed upon sale. If
the court finds that the material violation was intentional or
reckless, or resulted from willful misconduct by a mortgage
servicer, mortgagee, trustee, beneficiary, or authorized
agent, the court may award the borrower the greater of
treble actual damages or statutory damages of fifty

2923.5 saved it from colliding with federal preemption.  "However, Civil Code
section 2923.5 does not provide for damages, or for setting aside a foreclosure sale,
nor could it do so without running afoul of federal law, that is, the Home Owners'
Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing regulations (12
C.F.R. § 560.2(b) (2011))." *Id*. at 526 (citations omitted.)

MEMORANDUM OF POINTS AND AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   thousand dollars ($50,000).

2       Pursuant to Civil Code § 2924.19(b), a violation of § 2924.17, if not

3   "corrected and remedied prior to the recordation of the trustee's deed upon sale"

4   may result in an " award [to] the borrower the greater of treble actual damages or

5   statutory damages of fifty thousand dollars ($50,000)."  Additionally, a lender

6   may now be required to pay attorney's fees to a borrower *who merely obtained*

7   *injunctive relief* in an action brought to enforce section 2924.17.  Civ. Code §

8   2924.12(i).  Even the government may now seek to impose civil penalties, up to

9   $7,500 per mortgage, against a lender for "multiple and repeated uncorrected

10  violations." Civ. Code § 2924.17(c).

11      As the remedies that can be imposed for violation of the HBOR exceed a

12  "simple postponement," plaintiff cannot escape preemption under HOLA.  Thus,

13  the newly enacted statute is preempted under federal law and cannot impose any

14  affirmative obligations on Wells Fargo.

15      **5.   PLAINTIFF'S FAILURE TO TENDER PRECLUDES ANY**

16      **EQUITABLE RELIEF**

17      As the next legal bar, any request for equitable relief fails as a matter of law

18  as plaintiff cannot tender the full indebtedness due.  (*See* FAC, Prayer for Relief, ¶

19  9.)

20      It is well-established California law that to enjoin a foreclosure sale, or

21  obtain any equitable relief for that matter, a debtor must make a viable tender of

22  their full outstanding debt.  *See e.g., Alicea v. GE Money Bank*, 2009 U.S. Dist.

23  LEXIS 60813, at **7-8 (N.D. Cal. July 15, 2009) ("When a debtor is in default on

24  a home mortgage loan, and a foreclosure is either pending or has taken place, the

25  debtor must allege a credible tender of the amount of the secured debt to maintain

26  any cause of action for foreclosure."); *Abdallah v. United Savs. Bank*, 43 Cal. App.

27  4th 1101, 1109 (1996) (the requirement applies "to any cause of action for

28  irregularity in the sale procedure."); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006

1   (1948) (full tender is a precondition to injunctive relief and quiet title); *Meetz v.*

2   *Mohr*, 141 Cal. 667, 673 (1904) (injunction dissolved due to debtor's failure to

3   tender his debt); *Gavina v. Smith*, 25 Cal.2d 501, 505-506 (1944) (quiet title denied

4   where the party had not fulfilled the tender obligation).

5       Here, however, plaintiff does not plead a full tender of the indebtedness

6   anywhere in the pleadings.  The notice of sale quantifies $620,707.41 in

7   indebtedness at the time of recording in March 2012.  (RJN, Exh. H.)  This alone

8   precludes the issuance of equitable relief in this action.

9       **6.    EACH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW**

10      In addition to the "global" bars above, each claim for relief fails as follows.

11      **A.    First Claim for Violation of Civil Code § 2923.6;**

12          **Second Claim for Violation of Violation of Civil Code § 2924.**

13      In support of these claims, plaintiff alleges that his "financial circumstances

14   have materially changed," and that "pursuant to Civil Code section 2923.6,

15   Plaintiff documented this change and Plaintiff's attorney has notified Defendants

16   Wells Fargo Bank and Regional Service Corp…"  (FAC ¶¶ 85-86.)  Plaintiff also

17   alleges under Civil Code section 2924 that "Defendants are not the holder of the

18   beneficial interest in plaintiff's Deed of Trust."  (FAC ¶¶ 96-97.)  No others facts

19   are alleged in support of these claims for relief – plaintiff merely recites the

20   language of the statutes.

21      These claims fail based on the judicially noticeable documents.  As

22   discussed above, plaintiff cannot seek to enforce the rights of the Trust in his

23   individual capacity.

24      The new HBOR also does not apply in here as the notice of default was

25   recorded in December 2011.  *Myers v. Philip Morris Comps., Inc., supra*, at 841.

26   All of plaintiff's allegations concerns acts and/or events that occurred in 2011

27   (FAC ¶ 65).  Plaintiff fails to make a single allegation of wrongful conduct by

28   Wells Fargo in 2013, when the HBOR took effect.

1    Further, plaintiff's claim that Wells Fargo is not the beneficiary under the

2  deed of trust is not cognizable.  As determined by many other courts,[5] Wells Fargo

3  is the current beneficiary as a result of World Savings' name change to Wachovia

4  Mortgage, FSB and merger into Wells Fargo.  (RJN, Exhs. B - F.)  And pursuant

5  to Civil Code § 2924(a)(1), Wells Fargo duly designated Regional Trustee

6  Services Corporation as its agent to record the notice of default: "[t]he trustee,

7  mortgagee, or beneficiary, or any of their authorized agents shall first file for

8  record . . . a notice of default."

9    In sum, plaintiff's allegations pursuant to the HBOR cannot survive the

10  motion to dismiss.

11   **B.    Third Claim for Unfair Business Practices Under § 17200.**

12    In support of the unfair competition claim ("UCL"), plaintiff repeats

13  allegations that Wells Fargo violated Civil Code section 2923.6 and 2924, and

14  under HAMP.  Plaintiff alleges that Wells Fargo acted fraudulently by omitting "a

15  true itemization that identifies the nature of each fee, and it failed to disclose the

16  nature of the charges and fees assessed…"  (FAC ¶¶ 108, 114.)

17    As a threshold matter, plaintiff lacks standing to bring this claim for relief.

18  *Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (2008).  Plaintiff did not suffer an actual

19  loss as he borrowed money in 2006 and has not repaid the loan.  Thus, plaintiff

20  lacks standing to bring an unfair competition claim.  *DeLeon v. Wells Fargo Bank,*

21

22  [5] *See Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal.
2010) ("[J]udicially noticeable documents reveal that the original lender, World
23  Savings Bank, FSB , simply changed its name to Wachovia Mortgage, FSB, and is
now a division of Wells Fargo Bank, N.A., so transfers among those entities were
24  proper."); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D.
Cal. 2010) (World Savings Bank, FSB changed its name to Wachovia Mortgage,
25  FSB, then merged into Wells Fargo Bank, N.A.); *Hunt v. Wells Fargo Bank, N.A.*,
26  2011 U.S. Dist. LEXIS 29110, at *1-*2 (N.D. Cal. March 21. 2011); *Hite v.*
*Wachovia Mortg.*, 2010 U.S. Dist. LEXIS 57732, at *6-*9 (E.D. Cal. June 10,
27  2010).

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

15

*N.A.*, 729 F. Supp. 2d 119 (N.D. Cal. 2010) ("the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default . . . it does not appear that [the bank's] conduct resulted in a loss of money or property.  For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed.")

Further, plaintiff cannot establish any "unlawful" or "fraudulent" business practice required for plaintiff's UCL claim.  *Birdsong v. Apple, Inc.,* 590 F.3d 955, 959 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability.")

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations…as unlawful practices, independently actionable under section 17200, *et seq.,* and subject to the distinct remedies provided thereunder."  *Farmers Ins. Exch. v. Super. Court,* 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted); *Chabner v. United Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000).  Where a plaintiff cannot state a claim under the "borrowed" law, however, he or she cannot state a UCL claim either.  *Ingels v. Westwood One Broad. Servs., Inc.,* 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.")

Here, plaintiff cannot "borrow" from his prior allegations.  Plaintiff lacks standing to assert claims pursuant to the HBOR.  The FAC is also preempted by HOLA.  Further, Wells Fargo is the present beneficiary under the deed of trust as judicially noticeable documents show.  Thus any claim that Wells Fargo engaged in any unlawful practice is not cognizable.

Next, the FAC fails to establish the fraudulent prong with the specificity required.  *Qureshi v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 21843, at *20 (N.D. Cal. March 10, 2010) (UCL claims are subject to the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

heightened pleading requirements of Rule 9(b)); *Kearns v. Ford Motor Co.,* 567 F. 3d 1120, 1125 (9th Cir. 2009).[6]

   Plaintiff fails to allege facts showing any fraudulent business practice of Wells Fargo.  The pleadings do not identify a single individual at Wells Fargo who allegedly made the misrepresentations at issue, their authority to speak, when and where the representations were made, and whether the representations were verbal or written.  *Lazar, supra,* at 645.

   Plaintiff also cannot plead facts of falsity, knowledge, or reasonable reliance. A claim for fraud must specifically allege facts supporting reliance.  *Cadlo v. Owens-Illinois, Inc*., 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient.  The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.") Here, it is unclear how plaintiff may have relied to his detriment when the non-judicial foreclosure proceedings have not yet commenced (*i.e.,* the recording of a notice of default).

   In short, no predicate unlawful and/or fraudulent act is alleged supporting the third claim for relief.  It should therefore be dismissed with prejudice. *Cabanilla v. Wells Fargo*, 2012 U.S. Dist. LEXIS 39270, at *5 (C.D. Cal. March 20, 2012) ("Because the [plaintiffs] have failed to adequately allege any illegal, unlawful, or fraudulent conduct by Wachovia, they have failed to state a claim against Wachovia under the UCL...As amendment would be futile, the claim is dismissed with prejudice.").

---

[6] The elements of fraud, misrepresentation, or deceit are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages.  Further, where, as here, fraud is alleged against a corporation, the complaint must also allege: (1) the names of the persons who made the misrepresentations; (2) their authority to speak for the corporation; (3) to whom they spoke; (4) what they said or wrote; and (5) when it was said or written. *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**C.      Fourth Claim for Negligence.**

In support of this claim for relief, plaintiff attempts to fabricate a legal duty alleging Wells Fargo "stepped outside their normal duties as lender and servicer and assumed additional responsibilities when it undertook efforts to modify loans including Plaintiff's loan." (FAC ¶ 122.)  No other facts are alleged in support of the negligence theory.

This claim is not cognizable for lack of a legal duty.  *Nymark v. Heart Fed. Sav. and Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991) ("a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.")  Contrary to plaintiff's claims, processing modification is clearly a "conventional role" of a lender – thus his attempt to create a duty fails.

Further, plaintiff's claim that "Defendants' practices ma[d]e it increasingly difficult for borrowers to ever bring their loan current" (FAC ¶ 60) is not actionable.  *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429 (2010), is dispositive, which holds that a lender does not owe a borrower any duty of care to ensure borrower's financial ability to repay a loan.  In *Perlas*, plaintiff/borrower sued under a theory that borrower could rely on their qualification for a loan as a determination that they could in fact afford the loan.  *Id*., at **13-14.  A lender is under no duty "to determine the borrower's ability to repay the loan…the lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."  (citations omitted.)  *Id*.

Like *Perlas*, Wells Fargo did not owe a legal duty to ensure plaintiff could afford to repay the loan or that it was in plaintiff's best financial interest.  Any negligence claim collapses accordingly.

**D.      Fifth Claim for Unfair Debt Collection.**

Here, plaintiff alleges that Wells Fargo "violated the Rosenthal Act by falsely representing they were the proper holder of the beneficial interest in

Anglin Flewelling Rasmussen Campbell & Trytten LLP

18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiff's Deed of Trust as claimed in the operative Notice of Default, and that

2   they had/have the right to foreclose on Plaintiff's property and receive payments

3   from Plaintiff regarding the property, when that is not true."  (FAC ¶ 127.)

4        This claim fails as a matter of law.  The Rosenthal Act does not apply to

5   lenders foreclosing on a deed of trust.  *Ricon v. Recontrust Co.*, 2009 U.S. Dist.

6   LEXIS 67807 (S.D. Cal. Aug. 4, 2009).  Courts agree that a non-judicial

7   foreclosure is not "debt collection" within the meaning of either the state or federal

8   debt collection acts as a matter of law.  *Izenberg v. ETS Services, LLC*, 589 F.

9   Supp. 2d 1193, 1199 (C.D. Cal. 2008).

10        The fifth claim should be dismissed without leave to amend.

11       **E.**   **Sixth Claim for Accounting**.

12        Lastly, plaintiff seeks an accounting from Wells Fargo as "Plaintiff's

13   creditor and mortgage servicer."  (FAC ¶ 132.)  Without facts, plaintiff alleges

14   upon information and belief "that the amount claimed due and owing at the time of

15   the Notice of Default of $10,870 is not correct."  (FAC ¶ 136.)

16        These allegations are not actionable.  To state an accounting claim, a

17   plaintiff must plead the existence of a fiduciary relationship "or other

18   circumstances appropriate to the remedy" and that a balance due from the

19   defendants can only be ascertained by an accounting.  5 Witkin, California

20   Procedure, Pleading, § 820 (5th ed. 2008 ); *San Pedro Lumber Co. v. Reynolds*,

21   111 Cal. 588, 595 (1896).  Traditionally, courts permit an accounting in cases

22   involving trusts, agency relationships, partnerships and joint ventures.  5 Witkin,

23   California Procedure, Pleading, § 821 (5th ed. 2008).

24        California law is clear that a lender does not have a fiduciary relationship

25   with a borrower.  *Nymark, supra,* at 1093.  Further, no balance is due from Wells

26   Fargo to plaintiff.

27        Based on the foregoing, plaintiff has no right to an accounting as alleged.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 7.   <u>CONCLUSION</u>

For all of the foregoing reasons, Wells Fargo respectfully requests an order granting the motion to dismiss without leave to amend.

Respectfully submitted,

Dated: March 7, 2013

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: */s/ D. Dennis La*
    D. Dennis La
Attorneys for Defendant
Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA                    )
                                                     ) ss.
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 199 South Los Robles Avenue, Suite 600, Pasadena, CA 91101.

     On the date below, I served the foregoing document(s) entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

| **Served Electronically Via the Court's CM/ECF System** *Attorney for Plaintiff:* | **Served Electronically Via the Court's CM/ECF System** *Attorneys for Defendant Regional Trustee Services Corporation* |
|---|---|
| Joseph R. Manning, Jr., Esq. Law Offices of Joseph R. Manning, Jr. 4667 MacArthur Blvd., Suite 150 Newport Beach, California 92660 Tel: 949-361-3232 / Fax: 866-843-8308 | Robin Prema Wright, Esq. Nicole K. Neff, Esq. WRIGHT, FINLAY & ZAK, LLP 4665 MacArthur Court, Suite 280 Newport Beach, CA 9266 *Tel: 949.477.5050* *Email: rwright@wrightlegal.net* *Email: nneff@wrightlegal.net* |

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on March 7, 2013.

MAUREEN COURTNEY                    */s/ Maureen Courtney*
————————————————                    ————————————————
(Type or Print Name)                              (Signature of Declarant)