Joseph R. Manning, Jr. (SBN: 223381)
joe@manninglawoffice.com
Babak Hashemi (SBN: 263494)
BHashemi@manninglawoffice.com
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION
4667 MacArthur Blvd., Suite 150
Newport Beach, California 92660
Tel: 949.200.8755; Fax: 866.843.8308

Attorneys for KEITH and DEBRA WINTERBOWER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KEITH WINTERBOWER, as Trustee to the Keith Winterbower Revocable Trust, and DEBRA WINTERBOWER<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity form unknown, REGIONAL SERVICE CORPORATION, a business entity form unknown, and DOES 1-100, inclusive,<br><br>Defendants. | CASE No: 8:13-cv-00360-DOC-(MLGx)<br><br>[Assigned to the Hon. David O. Carter]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(B)(6)]**<br><br>Date:      April 15, 2013<br>Time:     8:30 a.m.<br>Ctrm.:    9-D |

### TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

Plaintiffs KEITH WINTERBOWER, as Trustee to the Keith Winterbower Revocable Trust, and DEBRA WINTERBOWER, ("Plaintiffs") hereby oppose Defendant WELLS FARGO BANK, N.A.'s ("Defendant") Motion to Dismiss Plaintiffs' Complaint for failure to state a claim.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

## I.  INTRODUCTION

In 2006, Plaintiffs entered into a written loan agreement with Defendants for a sum of $525,000 (the "Loan"), secured by the Subject Property through a Deed of Trust recorded February 7, 2006, then and now their principal residence. The Deed of Trust provides that the Lender on Plaintiffs' loan is World Savings Bank, FSB, and the Trustee and the Beneficiary is Golden West Savings Association Service Co.

During 2011, Plaintiffs suffered a temporary, yet significant financial setback due to the poor economy and as a result Plaintiffs were forced to use savings and investment funds to make the monthly mortgage payments and remain current on the loan. Unfortunately, as time passed Plaintiffs' financial situation further deteriorated, and their savings was severely depleted; as a result they were unable to stay current on their mortgage payments. During this time, Plaintiffs had exhausted their savings and did not have stable income.

On or about December 7, 2011, Defendants initiated foreclosure process by recording a Notice of Default ("NOD") on the Subject Property. The NOD identifies Regional Trustee Service Corporation as Trustee under Plaintiff's Deed of Trust; however, Regional Trustee Service Corp. has never been substituted as the trustee under the deed of trust.

On or about March 8, 2012, Defendants recorded a Notice of Trustee's Sale ("NTS") on the Subject Property. The NTS also identifies Regional Trustee Service Corporation as Trustee under Plaintiff's Deed of Trust

Within the last few months, Plaintiffs experienced a material change in their financial circumstances resulting in an increase in their gross house hold income. This fact was communicated to Defendants without any effect. As such, Plaintiffs were forced to file the instant action in the Superior Court for the County of

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Orange.   Thereafter, Defendants removed the matter, without adequate basis, to this Federal District Court to avoid the Superior Court's early settlement efforts.

## II. ARGUMENT

### A. DEFENDANTS' CLAIMS FOR DISMISSAL ARE WITHOUT MERIT

The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)   In *Conley v. Gibson*, 355 U.S. 41 (1957), the United States Supreme Court noted that the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which they base their claim.  To the contrary, all the Rules require is 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it rests."

In ruling on a motion to dismiss, the Court must accept all material allegations of fact alleged in the complaint as true and resolve all doubts in favor of Plaintiff. (*Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998)).   The Federal Rules simply require in the complaint a "short and plain statement of the claim showing the pleader is entitled to relief." [FRCP Rule 8 (a)(2)  Moreover, the Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Motions to dismiss are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson.*  In considering a motion to dismiss, a district court must take as

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

true all well-pleaded allegations of material fact and must construe them in the light most favorable to the plaintiff. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). A court also must take into account all inferences supporting the complaint that a trier of fact reasonably could draw from the evidence. See *Id.*

Even applying the standard set by the case of *Bell Atlantic Corporatin v. Twombly* 550 U.S. 544 (2007) which requires that complaint should have enough factual matter, not just labels, conclusions, and formulaic recitation of the elements of cause of action, the instant case has still sufficient and enough facts to state a claim of relief that is tenable on its face.

With regards to foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of Plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible, the court's skepticism is best reserved for later stages of the proceedings when the Plaintiff's case can be rejected on evidentiary grounds." *Id.* at 791 Quoting *In re Gilead Sciences Sec. Litig.,*536 F.3d 1049, 1057 (9th Cir. 2008).

Here, Plaintiffs have stated and identified in the Complaint the Defendants and enumerated the different causes of action against them with sufficient factual support. A complaint may not be dismissed if there is any set of facts set forth in the complaint which will support a cause of action.  When a Court rules on motion to dismiss, it must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the Plaintiff.  In fact, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." [*Bernheim v. Litt,* 79 F.3d 318(1996)].

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

## B. **Plaintiffs Have Alleged Sufficient Facts for their §2923.6 Claim**

Plaintiffs have had a material change in financial circumstances. Now, pursuant to the new California Homeowner's Bill of Rights, specifically *Civil Code* §2923.6, Wells Fargo is compelled to review Plaintiffs' modification request and cancel the foreclosure sale. Moreover, Plaintiffs notified Wells Fargo of such change, as set forth in the Complaint and Plaintiffs' Declarations attached to their Ex Parte application for a TRO.

In addition, pursuant to the California Homeowner's Bill of Rights, WELLS FARGO must review Plaintiffs for a foreclosure alternative and may not sell their home until they have exhausted an appeal of their written denial, as set forth in *Civil Code* §2923.6(c).  Moreover, Defendant WELLS FARGO was, and currently is, in possession of Plaintiffs' complete loan modification application, along with all necessary documentation specifying Plaintiffs' material change in finances.

The intent of the California legislators in enacting *Civil Code* §2923.6 was to address the consequences of the subprime mortgage crisis leading to declining real property values and historic levels of foreclosure.   As a result of the above-described violations, the foreclosure sale of Plaintiffs' property must be cancelled, pursuant to the Homeowner's Bill of Rights, specifically *Civil Code* §2923.6.

Plaintiffs have had a material change in financial circumstances. This compels Wells Fargo to review their modification request and cancel the foreclosure sale date. Plaintiffs recently notified WELLS FARGO of such change, as set forth in the Complaint.  Therefore, WELLS FARGO must review Plaintiffs for a foreclosure alternative and may not sell their home until they have exhausted an appeal of their written denial, as set forth in *Civil Code* §2923.6(c).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

**1. Transfer of Ownership of the Subject Property Does Not Defeat Plaintiffs' Standing.**

Plaintiffs have standing to bring this suit because they are "borrowers" under the deed of trust secured by the Subject Property.  Pursuant to *Civil Code* §2920.5, "borrower" means any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through his or her mortgage servicer". (*Civil Code* §2920.5 (c)).

**C. <u>Plaintiffs Have Sufficiently Stated Facts for a Violation Of California Business and Professions Code section 17200.</u>**

Any foreclosure activity on the Subject Property after Plaintiffs have communicated their change in financial circumstances is also a violation of the California *Business and Professions Code* §17200.  Pursuant to the provisions of *Civil Code* §2924g(c)(1)(A), a foreclosure sale is properly postponed by order of a Court of competent jurisdiction.   The UCL prohibits any unlawful, unfair or fraudulent business practice.  Cal. Bus. Prof. Code §17200.  A practice is unfair if the court determines that the impact of the practice or act on its alleged victim outweighs the reasons, justifications, and motives of the alleged wrongdoer. *Podolsky v. First Healthcare Corp.,* (1996) 50 Cal. App. 4th 632, 647.

Plaintiffs have pleaded specific facts in support of this claim and have suffered injury in fact, including loss of equity in their home (by growth in amounts of delinquent interest, declining property value and inflated fees), costs and expenses related to protecting themselves, fees and costs, including, without limitation, attorneys' fees and costs and higher cost of obtaining credit due to the deterioration of their credit scores.

Virtually any law of regulation – federal or state, statutory or common law – can serve as a predicate for a section 17200 violations. *Business & Professions Code* §17200 does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. *Cal. Bus. & Prof. Code* §17200. Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa." *Puentes v. Wells Fargo Home Mortg., Inc.,* (2008) 160 Cal. App. 4th 638, 643-644. Plaintiff has standing to assert this claim. *Saunders v. Superior Court* (1994) 27 Cal. 4th, 832.

*Cal. Bus. & Prof. Code* §17200 proscribes "any unlawful, unfair or fraudulent business act of practice[.]" Any such act serves the basis for a claim of unfair competition. *Cal-Tech Commn's, Inc. v. Los Angeles Cellular Telephone Co.,* (1999) 20 Cal.4th 163, 180; *In re Pomona Valley Med. Group,* (9th Cir. 2007) 476 F.3d 665, 674. Plaintiffs' UCL cause of action is premised on unfair and unlawful business practices. Virtually any law or regulation- federal or state, statutory or common law- can serve as predicate for a section 17200 violation. The unlawful practices prohibited by the statute are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832,838-39.

Defendants failure to comply with §2923.6 is unlawful. If a business practice violates any law it also violates section 17200 and may be redressed under that section. *People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 319. Furthermore, the California Supreme Court has stated that section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200. *Farmers Insurance Exchange v.*

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

*Superior Court* (1992) 2 Cal.4th 377, 383. Under *Business and Professions Code section* 17200, any unlawful business act constitutes unfair competition, and a private cause of action can be based on the unlawful act even if the predicate law does not provide for a private cause of action. *Washington Mutual Bank v. Superior Court* (1999) 75 Cal. App. 4th 773.

    1.   <u>Standing</u>

Standing to bring a UCL claim requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that (1) she has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and  (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Birdsong v. Apple, Inc.*, 590 F.3d 959-60 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855-56 (2008).

Defendants seem to argue that Plaintiffs' allegation regarding a cloud on their title, charging unnecessary default related fees and causing them to lose equity interest in the subject property does not constitute an allegation of loss of money or property.

Defendants could not misstate the law any more. As discussed above, Plaintiffs allege damages resulting from Defendants' collection of payments, adding improper charges to Plaintiffs' balance, and unreasonably delaying Plaintiffs' loan modification review, causing Plaintiffs to lose equity interest in the Subject Property. These injuries are monetary in nature, but also may result in the loss of Plaintiffs' property. Furthermore, these injuries are causally connected to Defendants' conduct. Thus, Plaintiffs have standing to pursue a UCL claim against Defendants.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

Business & Professions Code §17200 does not proscribe specific activities, but broadly prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. *Cal. Bus. & Prof. Code §17200.* Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent.   In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa." *Puentes v. Wells Fargo Home Mortg., Inc.,* 160 Cal. App. 4th 638, 643-644 (2008).   Plaintiffs have standing to assert this claim pursuant to *Saunders v. Superior Court* (1994) 27 Cal. 4[tt], 832.

> 2. <u>Defendants' Thoughtless March to Foreclosure on Plaintiffs' Property is Sufficient to Establish Unlawful, Unfair and Unlawful Conduct.</u>

**a. Unfair**

Defendants' actions and representations as pled in the Complaint satisfy the "unfair" and "fraudulent" prongs of the UCL.  Moreover, the pleaded facts as well as testimony and discoverable evidence will further a high level of deception in the course of Defendants' conduct and representations. "Unfair" conduct under Section 17200 has been commonly defined as conduct that "offends an established public policy or… is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinc v. Superior Court,* (2003) 108 Cal. App. 4th 917, 939. Here, the allegations in the complaint support a finding that Defendants' activities were immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs not to mention against public policy.  Defendant Wells Fargo, failed to properly review Plaintiffs for a loan modification and throughout the entire time, engaged in "dual tracking".  Dual Tracking is a business practice which has long plagued homeowners' efforts of keeping their homes.  This practice has also been

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

identified in the national settlement between the banks and the states' attorney generals.

Based on the facts pled, a trier of fact could find Defendants' failure to comply with its mandate under section 2923.6 to be contrary to public policy, immoral, unethical, oppressive, and substantially injurious to consumers. Therefore, a § 17200 claim is appropriate as Plaintiffs properly pled a claim for violation of 2923.6 and other common law claims plead in the complaint.

### b. __Fraudulent__

Defendants' acts have misled the public by recording the Notice of Default which falsely represents REGIONAL is the trustee of record under the deed of trust, into public records.  A business practice is "fraudulent" within the meaning of §17200 if "members" of the public are likely to be deceived."  *Committee on Children's Television v. General Foods Corp.* (1983) 35 C3d 197, 211; accor, *Kasky v. Nike, Inc.* (2002) 27 C4th 939; and *Prata v. Sup.Ct.* (2001) 91 CA4th 1128, 1144.   Common law fraud requires proof of five elements; by contract, under the *Children's Television* test, a plaintiff can prove a prima facie case that a business practice is "fraudulent" without having to prove intent, scienter, actual reliance, or damage.   All that is required is proof that "members of the public are likely to be deceived."   *Schnall v. Hertz Corp.* (2000) 78 CA4th 1144, 1167.; *People v. Orange County Charitable Servs.* (1999) 73 CA4th 1054, 1076.   If anything, the prohibition against "fraudulent" business is broad and it reaches practices that do not involve advertising.   See *Allied Grape Growers v. Bronco wine Co.* (1988) 203 CA3d 432.

The "fraudulent" prong requires plaintiffs to have "actually relied" on the alleged misrepresentation to their detriment. *In re Tobacco II Cases*, 46 Cal. 4th 326, 330 (2009). This standard requires, at a minimum, that plaintiffs plead

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

evidentiary facts, such as time, place, persons, statements, and explanations of why the statements are misleading. Plaintiffs have in fact alleged these required facts and in fact were lead to believe they were not in default under the loan. Defendants' acts have misled the public by recoding into public records a false declaration of compliance as attached the Notice of Default and falsely asserting that REGIONAL is the actual trustee. Furthermore, Plaintiffs were told that their notice of default would be suspended, which Plaintiffs relied on; however, despite this representation Defendants continued to move forward with foreclosure activity.

A business practice is "fraudulent" within the meaning of §17200 if "members" of the public are likely to be deceived." *Committee on Children's Television v. General Foods Corp.* (1983)35 C3d 197, 211, 197 CR 783, 791; accor, *Kasky v. Nike, Inc.* (2002) 27 C4th 939, 119 CR2d 296; and *Prata v. Sup.Ct.* (2001) 91 CA4th 1128, 1144, 111 CR2d 293, 308. Common law fraud requires proof of five elements; by contract, under the *Children's Television* test, a plaintiff can prove a prima facie case that a business practice is "fraudulent" without having to prove intent, scienter, actual reliance, or damage. All that is required is proof that "members of the public are likely to be deceived." *Schnall v. Hertz Corp.* (2000) 78 CA4th 1144, 1167, 93 CR2d 439, 456-457; *People v. Orange County Charitable Servs.* (1999) 73 CA4th 1054, 1076, 87 CR2d 253, 268. If anything, the prohibition against "fraudulent" business is broad and it reaches practices that do not involve advertising. See *Allied Grape Growers v. Bronco wine Co.* (1988) 203 CA3d 432, 249 CR 872. And that involve no untrue statement.

3. <u>Public's Interest</u>

All foreclosure activity has adversely affected property values and resulted in less money for schools, public safety, and other public services. According to the Urban Institute, every foreclosure imposes significant costs on local governments, including an estimated nineteen thousand two hundred twenty-nine dollars ($19,229) in local government costs. As a direct, proximate, and foreseeable result of the unlawful business acts or practices of Defendants, Plaintiffs and the general public have been injured, and Plaintiffs are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profit, compensation, and benefit, which may have been obtained by Defendants as a result of such business acts or practices.

D. **<u>PLAINTIFFS HAVE SUFFICIENTLY STATED FACTS TO STATE A CLAIM FOR NEGLIGENCE</u>**

It cannot be argued that Defendant, WELLS FARGO had no duty of care. The rule that a lender does not have a duty to a borrower is only a "general rule," and only applies to situations where a lender plays its conventional role.

Defendant, WELLS FARGO owes Plaintiffs a duty of care because of their unconventional relationship with Plaintiffs. Traditionally, a lender loaned money to a borrower and serviced the loan. Here, Defendant's role is not "conventional" because WELLS FARGO is not receiving the benefits of Plaintiffs' Note and Mortgage. Instead, Defendant hold Plaintiffs' payments for the benefit of the investor. WELLS FARGO is liable for negligence because it failed to discharge its contractual duties with reasonable care. *Das v. PHH, N.A*., 186 Cal.App. 4th 727, at 741 (2010) *citing Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998).

Additionally, "[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender…" *Osei*

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

*v. Countrywide Home Loans*, 692 F.Supp.2d 1240, 1249 (2010).  One such instance is when the lender goes, "…beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning [a] trial period plan."  *Ansanelli v. JP Morgan Chase Bank*, N.A., 2011 WL 1134451, *7 (N.D. Cal. March 28, 2011).

In the instant case, Plaintiffs' factual allegations demonstrate WELLS FARGO Participation in Plaintiffs' loan modification effort beginning in 2011.  Accordingly, by way of this Complaint, Plaintiffs have alleged that Defendant went beyond its role as a conventional, silent loan servicer.  "This is precisely beyond the domain of usual money lender."  *See Anaselli*, 2011 WL 1134451, *7 (internal quotations omitted).

"[T]o recover on a theory of negligence, [p]laintiffs must prove duty, breach, causation, and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). "The existence of a duty of care owed by defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1095 (1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id*. at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 864 (1968)). Plaintiffs allege that Defendants "have a duty to exercise reasonable care and skill to follow California law with regard to enforcement of monetary obligations, and to refrain from taking or failing to take any action against Plaintiffs that they did not have legal authority to do." Defendants attempt to argue that they are the mortgage servicer and that Plaintiffs fail to plead facts supporting a finding that Defendants' conduct exceeded

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

the scope of a conventional mortgage servicer." However, the mishandling of the loan-modification applications and failure to afford a loan modification is "beyond the domain of a usual money lender".

Defendants attempt to argue that they are the mortgage servicer and that Plaintiffs failed to plead facts supporting a finding that Defendant's conduct exceeded the scope of a conventional mortgage servicer. However, the mishandling of a loan-modification application and failure to properly administer a loan modification review is well beyond the domain of a usual money lender or servicer.

Here, Defendant owes Plaintiffs a duty of care because of their unconventional relationship with Plaintiffs. Traditionally, a lender loaned money to a borrower and serviced the loan. Here, Defendant's role is not "conventional" because Defendant is not receiving the benefits of Plaintiffs' Note and Mortgage. Instead, Defendants hold Plaintiffs' payments for the benefit of the investor. In addition, a bank is liable in negligence if it fails to <u>discharge its contractual duties with reasonable care</u>. *Das v. PHH, N.A.*, 186 Cal.App. 4th 727, at 741 (2010) *citing Chazen v. Centennial Bank,* 61 Cal. App. 4th 532, 537 (1998). [*Emphasis Added*]

Even when the lender is acting as a conventional lender, the no-duty rule is only a general rule. *Osei v. Countrywide Home Loans* (E.D.Cal.2010) 692 F.Supp.2d 1240, 1249.) As a recent federal case put it: "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower. Rather, the *Nymark* court explained that the question of whether a lender owes such a duty requires 'the balancing of the "*Biakanja* factors." ' " (*Newson v. Countrywide Home Loans, Inc*. (N.D.Cal. Nov. 30, 2010 No. C 09–5288) 2010 U.S. Dist. Lexis 126383, at p. *15.) Or, in the words of an even more recent case, in each case where the general rule was applied to shield a lender from liability, "the plaintiff sought to impose upon the lender liability for activities *outside* the scope of the lender's conventional role in a

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

loan transaction. It is against this attempt to expand lender liability (to that of, e.g., an investment advisor or construction manager) that the court in *Nymark* found a financial institution owes no duty of care to a borrower when its involvement in the loan transaction 'does not exceed the scope of its conventional role as a mere lender of money.' *Nymark,* 231 Cal.App.3d at 1096. *Nymark* and the cases cited therein do not purport to state a legal principle that a lender can never be held liable for negligence in its handling of a loan transaction within its conventional role as a lender of money." (*Ottolini v. Bank of America* (N.D.Cal. Aug. 19, 2011 No. C–11–0477) 2011 U.S. Dist. Lexis 92900, at p. *16.) Plaintiffs urge this court to consider these observations.

In making its analysis regarding duty, the court in *Nymark* relied on a six-part test set forth in the California Supreme Court case *Biakanja v. Irving* (1958) 49 Cal. 2s 647, 650.

> In California, the test for determining whether a financial institution owes a duty of care to a borrower-client "involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him. [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the more blame attached to the defendant's conduct and, [6] the policy of preventing future harm." Citations omitted. *Nymark* at 1098 citing to *Biakanja* at 650.

In *Nymark*, plaintiff alleged the bank negligently appraised the property and as a result, plaintiff was harmed because the appraisal did not reveal certain problems. There, the court went through the six-part test above, and determined the bank owed no duty to plaintiff because as alleged by plaintiff, the appraisal was undertaken to protect the bank's interest in the loan transaction, not plaintiff's interest. (*Nymark*, at 1098.)

Here, Plaintiff passes the six-part test as set forth above:

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

[1] The loan modification review process was intended to affect Plaintiffs.

[2] It was foreseeable that Plaintiffs would be harmed by Defendant's failure to properly review Plaintiffs for modification.

[3] Plaintiffs have suffered injury because the arrearages increased the longer they were in modification review.

[4] Because Wells Fargo told Plaintiffs they were eligible for a modification, which would in turn lower their monthly payments; Plaintiffs continued to apply for modification and wait, thus causing the arrearages to grow, while Defendants added unlawful charges to the loan balance.

[5] It is morally wrong to deceive Plaintiffs to think they were eligible for a loan modification, and then simply have them resend the same documents, then not communicate the loan modification to Plaintiffs, simply for the bank's own financial gain.

[6] By virtue of the fact that the Federal Government has enacted the National Mortgage Settlement, and Homeowners Bill of Rights, there is a public policy against Defendant's behavior.

Plaintiffs urge this Court to employ this six-part test as set forth by the California Supreme Court and find that Defendant owed Plaintiffs a duty as set forth above.

Defendant not only created a special relationship by purportedly undertaking the task of a loan modification review, but assumed a duty to competently administer the application process which was improperly done in this case. Accordingly, Plaintiffs have alleged that Defendant went beyond its role as a conventional, silent loan servicer. "This is precisely beyond the domain of usual money lender." See *Anaselli*, 2011 WL 1134451, *7 (internal quotations omitted). This cause of action is sufficient.

Similarly, *Robinson v. Bank of America* (N.D. Cal. May 29, 2012 No. 12–CV–

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92360

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

00494–RMW) 2012 U.S. Dist. Lexis 74212, p. *21, decided on a motion to dismiss, held that a bank went beyond its role as a "silent" lender in its dealings with plaintiff during loan modification negotiations. There, the bank was "alleged to have executed and breached the modification agreement, then engaged in a series of contradictory and somewhat misleading communications with plaintiff—in person, in writing, and by phone—regarding the status of his loan. Under such circumstances, it was entirely foreseeable that [the bank's] conduct could result in damage to plaintiff's credit rating or a decrease in the value of his home." (*Ibid.*; see also *Crilley v. Bank of America, N.A.* (D.Haw. Apr. 26, 2012 No. 12–00081) 2012 U.S. Dist. Lexis 58469 at pp. *5–12, 26 [duty of care owed where plaintiff and bank engaged in substantial negotiations regarding loan modification, finding potential liability based in part on "delays in the loan modification process"]; *Watkinson v. MortgageIT, Inc.* (S.D.Cal. June 1, 2010 No. 10–CV–327) 2010 U.S. Dist. Lexis 53540, pp. *23–24 [duty of care found where bank knowingly misstated borrower's income and value of property on loan application, and where borrower sought but was denied a loan modification]; *Garcia v. Ocwen Loan Servicing, LLC* (N.D.Cal. May 6, 2010 No. C–10–0290) 2010 U.S. Dist. Lexis 45375 at pp. *7–11 [plaintiff's allegations about loan modification application process sufficiently pled a duty under *Biakanja* factors]; but see, *Ottolini v. Bank of America, supra,* 2011 Dist. Lexis 92900 at pp. *18–19 [distinguishing *Ansanelli, supra,* 2011 U.S. Dist. Lexis 32350 where "the application for loan modification had not progressed to a concrete stage and ... there is no indication of the likelihood that such an application would have been granted"].)  Therefore, any conclusion determining Defendant owed no duty to Plaintiffs is in error.

Defendant owed Plaintiffs a duty of care because of their <u>unconventional relationship</u> with Plaintiffs.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

## E. **ACCOUNTING**

Plaintiffs' demand for accounting is an appropriate relief and is encompassed with the other substantive claims. Here accounting is tethered to relevant actionable claims. *See Duggall v. G.E. Capital Comm. Servs.,Inc.,* 81 Cal. App. 4th 81, 95 (2000).

Wells Fargo has held itself out to be Plaintiffs' creditor and mortgage servicer. As a result of this purported relationship with Plaintiffs, Defendant has a fiduciary duty to Plaintiffs to properly account for payments made by Plaintiffs. *See* Witkin, California Procedure 5th ed. (2008) Pleadings, Section 820. "A fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting." *Teselle v. McLoughlin* (2009) 173 Cal. App. 4th 156, 179. The elements for a claim for accounting are fiduciary relationship or other circumstances appropriate to the remedy, and a balance due from to the defendant to the plaintiff that can only be ascertained by an accounting. *Id.* Witkin.

Plaintiffs alleged, as a result of the conduct, Plaintiffs paid Wells Fargo monthly mortgage payments for a period of approximately five years. However, for the reasons stated in the complaint, none or some of this money was actually owed to Wells Fargo. For that reason, these monies are due to be either credited back to Plaintiffs in full or credited to the rightful owner of Plaintiffs' Note and Mortgage.

The amount of the money due from Defendant to Plaintiffs is unknown and cannot be ascertained without an accounting of the receipts and disbursements of the aforementioned transactions. Defendant has failed to sufficiently establish that plaintiffs lack standing to sue and/or are required to tender. In addition, defendants have failed to establish that plaintiffs' allegation that defendants failed to properly

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

credit payments made, incorrectly calculated interest on accounts, and failed to accurately debit fees is insufficient to establish negligence or accounting cause of action.

The accounting demand incorporates facts alleged in the preceding paragraphs of the First Amended Complaint. In the preceding paragraphs of the First Amended Complaint, plaintiffs allege that defendants improperly calculated interest owed on the account and that plaintiffs have paid for the same. Defendant has failed to cite any legal authority showing that they do not owe a duty to account for the interest payments made on the loan.

Here, by this cause of action, Plaintiffs allege the claimed amount due in the Notice of Default is not correct and that such amount includes improper excess charges and fees imposed by Defendants; which these fees are not allowed by law. Without an accounting by Defendants, the actual amount of arrearages will remain unknown to Plaintiffs, and accounting is necessary.

## F.   PLAINTIFFS ARE NOT REQUIRED TO PROVE, OR EVEN ALLEGE TENDER

Defendants argue, erroneously, that Plaintiffs; claims fail because they have not tendered or alleged the ability to tender. This failure however is not fatal to this action. It is settled law in California that a tender need not be made where it would be inequitable to do so. This principle was established in *Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 291 (1911), which held that "…it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale." *Id*.; *See also, ING Bank v. Ahn,* 2009 WL 2803965, *2 (N.D. Cal.) (holding that dismissal was not required at the pleadings stage if there is a question regarding the plaintiff's ability to effectuate tender). Such discretion lies in a court's equitable powers, taking into consideration

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

all the circumstances, including the nature of the violations and the borrower's ability to repay the proceeds. This Court can exercise its equitable discretion to allow an action to set aside a trustee's foreclosure sale to proceed in the absence of showing that one can make the tender.

Defendants fatally attempt to base the entire motion on their Tender argument. None of Plaintiff's causes of actions require tender. Even so, Defendants presents the "tender" argument as though it were absolute and without exception. This is not the state of the law. First, if the requirement of tender were an absolute rule, everyday homeowners would never be able to challenge even the most egregious foreclosure. This would be a grossly inequitable result and would permit entities to foreclose on properties with impunity.

The tender rule is not absolute and "'[a] tender may not be required where it would be inequitable to do so.'" *Onofrio v. Rice,* 55 Cal. App. 4th 413, 424 (1997) (quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages, ¶ 9:154) (affirming trial court's grant of relief to plaintiff on rescission claim despite plaintiff's failure to tender).

Based on substantially similar facts, in *Dimock v. Emerald Properties, LLC* (2000) 81 Cal. App. 4th 868, the Court of Appeal held that *tender is not required* when a trustee goes forward with a foreclosure sale without any legal authority to do so. In *Dimock,* even though the original trustee was substituted out for a new trustee, the original trustee conducted the sale anyway. The court held that the foreclosure sale was void and a complete nullity with no force and effect. Id. at 876. As a result, because the sale was void, the tender rule did not apply. Id. at 878.

Case law makes clear that a Plaintiff is only required to allege a credible offer of tender, not actually tender. *Alicia v. GE Money Bank,* No C 09-00091

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

SBA, 2009 WL2136969 at *3 (N.D. Cal. July 16, 2009) ("…debtor must allege a credible tender of the amount of the secured debt…").  Moreover, <u>tender is not required when the owner's action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt</u>. *Sacchi v. Mortgage Electronic Registration Systems, Inc.,* No. CV 11-1658 AHM, 2011 WL 2533029 at *16 (C.D. Cal. June 24, 2011) (emphasis added) citing *Onofrio v. Rice,* 55 Cal. App. 4th 413, 424 (1997)  In light of the fact that Plaintiff have contested amount of the default and the legitimacy of the Defendant's claim to accurately credit Plaintiffs' mortgage payments, it would be unreasoned and inequitable to require Plaintiffs to actually tender the amount given that Plaintiffs disputes whether Defendants have actually and accurately credited all of Plaintiffs' mortgage payments. *See Onofrio Id.*

Furthermore, Civil Code § 3412 in like manner provides that "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may upon his application, be so adjudged, and ordered to be delivered up or canceled." *i.e. amount of delinquency on the NOD.*  In accordance with the provisions of Cal. Civil code §1692, once the contract(s) has been found to be void and cancelled, the Plaintiffs are entitled to restitution of all monies paid, including costs, interest and principal payments.  Tender is <u>not a condition</u> of restitution in this case, due to the bad faith impending trustee's sale. However, to the extent necessary without validation of the underlying debt, Plaintiffs have the present ability to tender the indebtedness and hereby offer to tender such amount.

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

## II. CONCLUSION

Plaintiffs' claims are Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss.  To the extent that the Court is inclined to grant this motion, Plaintiffs respectfully request that the Court Plaintiffs leave to amend the Complaint to cure any deficiencies.

Respectfully Submitted.

DATED: March 21, 2013          **Law Offices of Joseph R. Manning, Jr.**
                               **A PROFESSIONAL CORPORATION**


                               By:____/S/_Joseph R. Manning___
                                   JOSEPH R. MANNING JR.
                                   Attorneys for Plaintiffs

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ. APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

# PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On March 21, 2013 I served the true copies of the foregoing document described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** on the interested parties in this action, addressed as follows:

**Served Electronically via Court's CM/ECF System:**
*Attorneys for Defendant*
AFRCT, LLP.
D. Dennis La
199 South Los Robles Ave., Ste 600
Pasadena, CA 91101

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this affidavit was executed on March 21, 2013.

_____
/S/
Tina Mehrazar

LAW OFFICES OF JOSEPH R. MANNING, JR., ESQ., APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CALIFORNIA 92660

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS