O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 13-0360-DOC(MLGx)                                        Date: March 27, 2013

Title: KEITH WINTERBOWER, ET AL. V. WELLS FARGO BANK, N.A., ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                        None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiffs' Ex Parte Application for a Temporary Restraining Order ("Ex Parte") (Dkt. 11). After reviewing the application and opposition, the Court DENIES Plaintiff's Application.[1]

**I.     Background**

In 2006, Plaintiffs borrowed $525,000 from World Savings Bank, FSB. (World Savings, through name changes and mergers, is now part of Defendant Wells Fargo, N.A. ("Wells Fargo.")) The loan was memorialized by an adjustable rate note and secured by a deed of trust recorded against 2333 Colgate Drive, in Costa Mesa ("Property"). Ex Parte at Ex. A.

In 2011, Plaintiff fell behind on mortgage payments. Ex Parte at 4; Opp'n at 2 (identifying Steptember as the month of defaulting on the loan). A Notice of Default was recorded on December 7, 2011. Request for Judicial Notice Re: Mot. to Dismiss ("First RJN") (Dkt. 6) at Ex. G.[2] Defendant Regional Trustee Service Corporation ("Regional") is listed as the Trustee in the Notice of Default. Ex Parte at 4. On February 24, 2012,

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.
[2] To the extent the Court cites a document for which Defendant Wells Fargo request for judicial notice, that request is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 13-0360-DOC(MLGx) | Date: March 27, 2013 |
| | Page 2 |

Regional recorded a substitution of trustee, by which it replaced the prior trustee called Golden West Savings Association Services Co. Request for Judicial Notice In Support of Opposition to Plaintiff's Ex Parte Application at Ex. 2. Regional recorded a Notice of Trustee's Sale on March 8, 2012

Plaintiffs defaulted on the loan in or around September 2011, so a notice of default was recorded in the Orange County Recorder's Office on December 7, 2011. (Document 6, Exh. G is a true and correct copy of the notice of default.)
On February 24, 2012, Regional Trustee Services Corporation ("Regional") recorded a substitution of trustee whereby it replaced Golden West Savings Association Services Co. ("Golden West") as trustee under the deed of trust. (RJN, Exh. 2 is a true and correct copy.)
On March 8, 2012, Regional recorded a notice of trustee's sale was recorded originally setting the sale date on March 29, 2012. (Document 6, Exh. H is a true

and correct copy of the notice of sale.)   On November 6, 2012, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order (Dkt. 30), which Defendants Bank of America and Wells Fargo then opposed (Dkt. 31). It does not appear that Plaintiff contacted the courtroom deputy assigned to this Court, as parties are encouraged to do when they seek an emergency ex parte, because otherwise they risk "a delay of judicial review," see Dkt. 30. Plaintiff argues that at a minimum his case presents serious questions of law worthy of litigation, and that those questions, combined with the irreparable harm from a foreclosure sale, should lead this Court to grant the TRO. Mot. 7. Defendants counter with an argument that they have a clear right to foreclosure, and that Plaintiff is forum shopping in bad faith. Opp. 1. Plaintiff had filed a lawsuit in state court on April 12, 2012, making substantially the same claims as the current lawsuit. *See* Superior Court Minute Order, Ex. 6 to Defendants' Request for Judicial Notice (Dkt. 33). After a temporary restraining order was granted, the Superior Court then denied the application for an preliminary injunction, finding that plaintiff had not shown a likelihood of success. *Id.* After this denial, Plaintiff requested, and received, dismissal of his state court lawsuit without prejudice. *See* State Court Docket 59 & 62, 30-2012-00561729-CU-CO-CJC.

For the reasons stated below, the Court DENIES Plaintiff's Request.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0360-DOC(MLGx)  Date: March 27, 2013
　　　　　　　　　　　　　　　　　　　　Page 3

On December 3, 2010, an "Interpousal Transfer Deed" was recorded in the Orange County Recorder's Office whereby plaintiff Debra Winterbower transferred title to the Property to Keith Winterbower "as his sole and separate property." (A true and correct copy of the Interspousal Transfer Deed is attached as Exh. 1 to the accompanying Request for Judicial Notice ("RJN").)

B. Plaintiffs' Default and Foreclosure Proceedings.


Income has increased as business increased, and cut costs to lower expenses (cut them by $15,000. No longer needs pay a $900 car payment for his truck, or 2,000 per month toward land lease for mom's home. Dec
l. of Keith Winterbower ¶ 10.

　　**II.　Legal Standard**

　　Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the court may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). Interim injunctive relief is granted on grounds similar to that governing the issuance of a preliminary injunction. *City of Tenakee Springs v. Block*, 778 F.2d 1402, 1407 (9th Cir. 1985). The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, a preliminary injunctive relief is "never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).

　　In the Ninth Circuit, a plaintiff is entitled to a preliminary injunction if he satisfies either of two tests: (1) the *Winter* factor test; or (2) the "sliding scale" test, also referred to as the "serious questions" test.[1] *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The sliding scale test requires a slightly weaker showing of

---

[1] A plaintiff may also obtain a preliminary injunction without satisfying either of these two tests if a statute provides for a lesser showing. *See e.g., Tennessee Valley Authority v. Hill*, 437 US 153, 194 (1978); *United States v. Estate Pres. Services*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0360-DOC(MLGx)            Date: March 27, 2013

Page 4

---

success on the merits to be outweighed by strong equitable considerations. *See id.* 632 F.3d at 1134-35.

Under the *Winter* factor test, a plaintiff is entitled to a preliminary injunction if he establishes that: (1) he is "likely to succeed on the merits"; (2) the "balance of equities tips in [plaintiff's] favor"; (3) he is "likely to suffer irreparable harm in the absence of preliminary relief"; and (4) a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20; *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

Under the sliding scale test, a plaintiff is entitled to a preliminary injunction if he establishes: (1) "serious questions going to the merits"; (2) "a balance of hardships that tips sharply towards the plaintiff"; (3) "a likelihood of irreparable injury"; and (4) a preliminary injunction is in the public interest. *Alliance for the Wild Rockies*, 632 F.3d 1127, 1135 (9th Cir. 2011) (noting that the last two factors are identical to two of the factors in *Winter*). While the test "requires the plaintiff to make a showing on all four prongs," the showing need not be equally strong. *See id.*

In *Alliance for the Wild Rockies*, the Ninth Circuit followed the overwhelming majority of Circuits to hold that the sliding scale test survived the Supreme Court's decision in *Winter*. *See Alliance for the Wild Rockies*, 632 F.3d 1127, 1135 (9th Cir. 2011) (reversing denial of preliminary injunction because district court's failure to apply the "serious questions" test was "an error of law"); *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009) (Easterbrook, J.) ("[T]he more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief."); *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) ("Because the moving party must not only show that there are 'serious questions' going to the merits, but must additionally establish that 'the balance of hardships tips decidedly' in its favor, its overall burden is no lighter than the one it bears under the 'likelihood of success' standard.") (emphasis in original); *but cf. Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 343, 347 (4th Cir. 2009) (holding that the "sliding scale approach" does not survive the Winter decision) *vacated on other grounds by* 130 S.Ct. 2371 (2010). The Ninth Circuit's holding that the sliding scale test survives *Winter* is also consistent with scholars' conclusions and the Supreme Court's own statements. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting) ("This Court has never rejected [the sliding scale] formulation, and I do not believe it does so today."); Bethany M. Bates,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0360-DOC(MLGx)            Date: March 27, 2013
                                                                           Page 5

Reconciliation After *Winter*: The Standard for Preliminary Injunctions in Federal Courts, 111 Colum. L. Rev. 1522, 1523, 1552-53 (2011) (explaining that the sliding scale analysis survives *Winter* because "contemporary Supreme Court cases also support the use of the sliding scale approach" and *Winter* merely held that "only showing a 'possibility' of irreparable harm was not enough" to obtain a preliminary injunction, but "failed to comment on whether courts could use a sliding scale analysis or whether a movant could be granted a preliminary injunction based on a showing that there are serious questions going to the merits").

### III. Discussion

The Court DENIES the TRO Application as Plaintiff has not made the required showing of likelihood of success on the merits.

#### a. Likelihood of Success on the Merits

On July 3, 2012, the Superior Court of California issued an Order denying Plaintiff's request for a preliminary injunction after having previously approved a TRO. Opp. (Dkt. 33) Ex. 6. In analyzing Plaintiff's Application for a TRO, this Court has reached a similar conclusion as to the likelihood of Plaintiff's success on the merits.

Plaintiff's TRO application is based on the premise that the Defendants do not have an ownership interest in the property. However, Defendants submitted a copy of Plaintiff's Deed of Trust, whereby Defendant acknowledged MERS as a beneficiary and agreed that the loan or partial interest in the loan could be "sold one or more times without prior notice to Borrower." Req. for Judicial Notice (Dkt. 33) at Ex. 1. Next, Defendants present the Assignment of the Deed of Trust, recorded on September 20, 2011, which shows the assignment of the Deed to Bank of America, N.A. Ex. 2. Finally, Defendants provided a copy of the Corporate Assignment of Deed of Trust, whereby Bank of America, N.A. assigned the Deed of Trust to Wells Fargo Bank, N.A., as a trustee on behalf of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificate Series 2006-12 recorded on April 12, 2012. Ex. 4. In light of an unbroken chain of title, it is highly unlikely Plaintiff will succeed in his claim that Defendants do not own the Note and Deed of Trust. Thus, it is unlikely Plaintiff will succeed on the merits and this factor strongly favors Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-0360-DOC(MLGx)          Date: March 27, 2013
         Page 6

     b. **Balance of the Equities/ Balance of Hardship/ Likelihood of Irreparable Harm**

The potential for harm to the Plaintiff is great. While Plaintiff risks losing his property, issuing the TRO would cost Defendants, at most, a delay in the trustee's sale and monetary damage if they are found to have a valid interest in the property. Thus, this factor strongly favors Plaintiff.

     c. **Sliding Scale Analysis**

On a sliding scale analysis, even though the Plaintiff's likelihood of irreparable harm is great, that finding does not eliminate the Plaintiff's burden to show some likelihood of success on the merits or at least raise a serious question as to his success. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (finding the sliding scale test requires a slightly weaker showing of success on the merits to be outweighed by strong equitable considerations). Here, Plaintiff has not made a sufficient showing of likelihood of success of the merits. A condemnation of the "arbitrary and universally abused 'nonjudicial foreclosure' scheme permitted in the State of California" and an unsubstantiated claim that the recorded instruments were improperly signed are not sufficient to raise a likelihood of success. Therefore, although the balance of the hardship and likelihood of irreparable harm tip in favor for the Plaintiff, Defendants' strong likelihood of success is the dispositive factor here, as it tips the scales decidedly in their favor.

## IV. Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Application for an *ex parte* TRO.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.