1  Christopher A. Carr (# 44444)
   D. Dennis La (#237927)
2  ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
4  Tel: (626) 535-1900
   Fax: (626) 577-7764
5
   Attorneys for Defendant
6  Wells Fargo Bank, N.A., successor by
   merger with Wells Fargo Bank
7  Southwest, N.A., f/k/a Wachovia
   Mortgage, FSB, f/k/a World Savings
8  Bank, FSB ("Wells Fargo")

9               UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

11

12  KEITH WINTERBOWER, as Trustee to     Case No.: SACV13-00360-DOC-
    the Keith Winterbower Revocable Trust, (MLGx)
13  and DEBRA WINTERBOWER,

14            Plaintiff,

15  v.                                    **DEFENDANT WELLS FARGO'S
                                          REPLY TO OPPOSITION TO
16  WELLS FARGO BANK, N.A., a             MOTION TO DISMISS FIRST
    business entity form unknown,         AMENDED COMPLAINT**
17  REGIONAL TRUSTE SERVICES
    CORPORATION, a business entity form   Date:     April 15, 2013
18  unknown, and DOES 1-100, inclusive,   Time:     8:30 a.m.
                                          Dept:     Crtrm 9D
19            Defendants.

20
                                          [Assigned to the Hon. David O. Carter,
21                                        Crtrm. 9D]

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

1.   INTRODUCTION ........................................................................................ 1

2.   PLAINTIFFS' CIVIL CODE § 2923.6 FAILS TO ARTICULATE
     A CLAIM FOR RELIEF ............................................................................ 1

3.   REGIONAL TRUSTEE SERVICES CORPORATION
     ("REGIONAL") IS THE CURRENT TRUSTEE UNDER THE
     DEED OF TRUST ....................................................................................... 2

4.   THE *MABRY* DECISION DEMONSTRATES PLAINTIFFS'
     CLAIMS UNDER THE HBOR ARE PREEMPTED BY THE
     HOME OWNERS' LOAN ACT ("HOLA") ............................................. 3

5.   PLAINTIFFS' FAILURE TO TENDER BARS EQUITABLE
     RELIEF ........................................................................................................ 5

6.   CONCLUSION ........................................................................................... 7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1. **INTRODUCTION**

Plaintiffs' Opposition hinges on their claim that they "have had a material change in financial circumstances" (Opposition, 5:20) under the newly-enacted Home Owners' Bill of Rights ("HBOR").

Nowhere in the first amended complaint ("FAC"), however, is the "material change" articulated or demonstrated.  Plaintiffs merely allege that they experienced a decrease in "their expenses from $25,000 to $10,000 per month" – and nothing more.  (*See* FAC, Exh. D.)

These allegations fail to state a claim under Civil Code § 2923.6.  No facts are raised showing that the purported decrease in expenses constitutes a "material change" pursuant to the HBOR.  Such facts are vital to this case as both plaintiffs transferred their interests in the subject property away, and it remains uncertain what and/or whose change implicates the HBOR.

Furthermore, the decision in *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226-232 (2010) demonstrates that plaintiffs' claims are federally preempted.

The motion should be granted accordingly.

2. **PLAINTIFFS' CIVIL CODE § 2923.6 FAILS TO ARTICULATE A CLAIM FOR RELIEF**

Plaintiffs' unsupported allegations of a "material change" fail to state a claim under Civil Code § 2923.6.  In the FAC, no facts are alleged demonstrating that the purported decrease in expenses constitutes a "material change" pursuant to Civil Code § 2923.6 – to either plaintiff Debra Winterbower, Keith Winterbower, and/or the "The Keith Winterbower Revocable Trust, Keith Winterbower, Tracy Gaines, Robert Stallworth, and Juanita Oyague as co-trustees" ("Trust").

As set forth in Wells Fargo's opposition to ex parte application (Document 12), plaintiff Debra Winterbower transferred all of her interest in the property to plaintiff Keith Winterbower in December 2011.  Plaintiff Keith Winterbower also assigned his interest to the Trust shortly following the recording the notice of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

trustee's sale.

Accordingly, plaintiffs' naked claim that they decreased "expenses from $25,000 to $10,000 per month" is insufficient.  No facts are alleged showing that the purported decrease entitles either plaintiff to relief under the HBOR.  Nor do plaintiffs allege that documentation of such change was actually sent to Wells Fargo – as required by the HBOR (§ 2923.6(g) requires that the change be "documented by the borrower and submitted to the mortgage servicer.")  Plaintiffs' letter vaguely refers to a decrease of "their expenses" only, without mention to any income or other pertinent information.

Likewise, no facts are alleged showing plaintiff Keith Winterbower is "potentially eligible" for any modification program pursuant to Civil Code § 2920.5(c)(1) (the HBOR applies to a "natural person" including a mortgagor or trustor "who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or though his or her mortgage servicer." Civ. Code § 2920.5(c).

Accordingly, plaintiffs fail to articulate a claim pursuant to Civil Code § 2923.6.  The motion should be granted.

**3.   REGIONAL TRUSTEE SERVICES CORPORATION ("REGIONAL")
IS THE CURRENT TRUSTEE UNDER THE DEED OF TRUST**

In the Opposition, plaintiffs continue to allege that "Regional Trustee Service Corp. has never been substituted as the trustee under the deed of trust." (Opposition, 2:18-19.)

This claim is readily resolved.  Regional is the authorized agent under the deed of trust pursuant to the substitution of trustee recorded on February 24, 2013 whereby Regional replaced the original trustee.  Civil Code § 2934a expressly allows for a substitution of trustee to be recorded after the notice of default – as was done in this case.  (*See* Document 12.)  Any claim that Regional was not authorized to service the non-judicial foreclosure collapses.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**4.**   **THE *MABRY* DECISION DEMONSTRATES PLAINTIFFS' CLAIMS UNDER THE HBOR ARE PREEMPTED BY THE HOME OWNERS' LOAN ACT ("HOLA")**

Plaintiffs also fail to oppose federal preemption under HOLA, as set forth in the motion to dismiss.

Here, assuming *arguendo* that the HBOR applies, which Wells Fargo disputes, plaintiffs' claims would be preempted by HOLA in any event – as the court in *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226-232 (2010) made clear.

Prior to January 1, 2013, the *only* remedy available for a violation of the non-judicial foreclosure laws codified under Civil Code §§ 2923.5 and 2924 *et seq.* was equitable relief (*i.e.*, an order enjoining the foreclosure sale (prospectively) or rescinding it (retrospectively)).  There was no right to, for example, a loan modification or monetary damages.  *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA.  *Id.*, at 231.  In beginning its analysis of the preemption issue, the Court of Appeal noted as follows:

> A remarkable aspect of section 2923.5 is that is appears to have been carefully drafted to avoid bumping into federal law, *precisely because it is limited* to affording borrowers only more time when lenders do not comply with the statute.  *Id.* at 226 (emphasis added).  The Court appeared to go out of its way to narrowly construe the impact of the requirements set forth in section 2923.5 so as to avoid federal preemption.  "We emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by federal banking regulations because it *is*, or can be construed to be, very narrow."  *Id.* at 231 (emphasis in original).  When examining the lender's

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

obligations under the statute to "assess" and "explore," the court held that these words "must be narrowly construed *in order to avoid crossing the line* from state foreclosure law into federally preempted loan servicing." *Id.* at 232 (emphasis added).[1]  Moreover, the court found that preemption was not warranted "<u>because the remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more,</u>"  a distinction the court " emphasize[d]."  *Id*. at 214 (emphasis added).

Now, however, given the substantial additional remedies now available for violation of the HBOR, a narrow interpretation cannot possibly save the statute from preemption.  *See* Civ. Code §§ 2924.12, and 2924.17.  These new remedies are quite unlike the limited relief available under section 2923.5  For example, Civil Code section 2924.12(b) provides for the imposition of monetary damages against a lender or servicer:

A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the

---

[1]  In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the Court of Appeal acknowledged that the limited relief available under Civil Code § 2923.5 saved it from colliding with federal preemption.  "However, Civil Code section 2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that is, the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing regulations (12 C.F.R. § 560.2(b) (2011))." *Id*. at 526 (citations omitted.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

violation was not corrected and remedied prior to the
recordation of the trustee's deed upon sale. If the court finds
that the material violation was intentional or reckless, or
resulted from willful misconduct by a mortgage servicer,
mortgagee, trustee, beneficiary, or authorized agent, the court
may award the borrower the greater of treble actual damages or
statutory damages of fifty thousand dollars ($50,000).

Pursuant to Civil Code § 2924.19(b), a violation of Section 2924.17, if not "corrected and remedied prior to the recordation of the trustee's deed upon sale" may result in an " award [to] the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)."  Additionally, a lender may now be required to pay attorney's fees to a borrower *who merely obtained injunctive relief* in an action brought to enforce section 2924.17. Civ. Code § 2924.12(i).  Even the government may now seek to impose civil penalties, up to $7,500 per mortgage, against a lender for "multiple and repeated uncorrected violations."  Civ. Code § 2924.17(c).

As the remedies that can be imposed for violation of the HBOR exceed a "simple postponement," plaintiffs cannot escape preemption under HOLA.  Thus, the newly enacted statute is preempted under federal law and cannot impose any affirmative obligations on Wells Fargo

**5.   PLAINTIFFS' FAILURE TO TENDER BARS EQUITABLE RELIEF**

As seen from the foregoing, plaintiffs' claim that "Defendants fatally attempt to base the entire motion on their Tender argument" is without merit. (Opposition, 20:5-6.)

The motion to dismiss sets forth various grounds barring each claim for relief in the FAC.  This includes plaintiffs' failure to allege tender – which is a condition to obtain equitable relief.  *See e.g., Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, at **7-8 (N.D. Cal. July 15, 2009) ("When a debtor is in

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 default on a home mortgage loan, and a foreclosure is either pending or has taken

2 place, the debtor must allege a credible tender of the amount of the secured debt to

3 maintain any cause of action for foreclosure."); *Abdallah v. United Savs. Bank*, 43

4 Cal. App. 4th 1101, 1109 (1996) (the requirement applies "to any cause of action

5 for irregularity in the sale procedure."); *Sipe v. McKenna*, 88 Cal. App. 2d 1001,

6 1006 (1948) (full tender is a precondition to injunctive relief and quiet title); *Meetz*

7 *v. Mohr*, 141 Cal. 667, 673 (1904) (injunction dissolved due to debtor's failure to

8 tender his debt); *Gavina v. Smith*, 25 Cal.2d 501, 505-506 (1944) (quiet title denied

9 where the party had not fulfilled the tender obligation).

10      Further, the cases plaintiffs cite in the Opposition (20:12 – 21:12) do not

11 shield them from the tender requirement.  No facts are alleged showing it "would

12 be inequitable" to require plaintiffs to tender the indebtedness, quantified as

13 $620,707.41 in the notice of trustee's sale.  *Onofrio v. Rice,* 55 Cal.App.4th 413,

14 424 (1997).

15      And unlike the facts in *Dimock v. Emerald Properties, LLC,* 81 Cal.App.4th

16 868 (2000), Regional is authorized to act as the current trustee under the deed of

17 trust.  Plaintiffs' request for equitable relief is barred accordingly.

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6.   CONCLUSION**

For all of the foregoing reasons, Wells Fargo respectfully requests an order granting the motion to dismiss without leave to amend.

Respectfully submitted,

Dated: April 2, 2013                    ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP

                                        By: */s/ D. Dennis La*
                                             D. Dennis La
                                        Attorneys for Defendant
                                        Wells Fargo Bank, N.A., successor by
                                        merger with Wells Fargo Bank Southwest,
                                        N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
                                        World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on the interested parties in said case as follows:

| **Served Electronically**<br>**Via the Court's CM/ECF System**<br>*Attorney for Plaintiffs:*<br><br>Joseph R. Manning, Jr., Esq.<br>Law Offices of Joseph R. Manning, Jr.<br>4667 MacArthur Blvd., Suite 150<br>Newport Beach, California 92660<br><br>Tel: 949-361-3232 / Fax: 866-843-8308 | **Served Electronically**<br>**Via the Court's CM/ECF System**<br>*Attorneys for Defendant*<br>*Regional Trustee Services Corporation*<br><br>Robin Prema Wright, Esq.<br>Nicole K. Neff, Esq.<br>WRIGHT, FINLAY & ZAK, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 9266<br>*Tel: 949.477.5050*<br>*Email: rwright@wrightlegal.net*<br>*Email: nneff@wrightlegal.net* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on April 2, 2013.

MAUREEN COURTNEY                          */s/ Maureen Courtney*
_____                   _____
(Type or Print Name)                      (Signature of Declarant)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP