Joseph R. Manning, Jr. (SBN: 223381)
joe@manninglawoffice.com
Babak Hashemi (SBN: 263494)
BHashemi@manninglawoffice.com
LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION
4667 MacArthur Blvd., Suite 150
Newport Beach, California 92660
Tel: 949.200.8755; Fax: 866.843.8308

Attorneys for PLAINTIFF KEITH and DEBRA WINTERBOWER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KEITH WINTERBOWER, as Trustee to the Keith Winterbower Revocable Trust, and DEBRA WINTERBOWER,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a business entity form unknown, REGIONAL SERVICE CORPORATION, a business entity form unknown, and DOES 1-100, inclusive,<br><br>Defendants. | CASE No: 8:13-cv-00360-DOC-(MLGx)<br><br>[Assigned to the Hon. David O. Carter]<br><br>**PLAINTIFFS' BRIEF SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(B)(6)]** |

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs KEITH WINTERBOWER, as Trustee to the Keith Winterbower Revocable Trust, and DEBRA WINTERBOWER, ("Plaintiffs") hereby submit this brief pursuant to this Court's April 5, 2013 Order Requiring Additional Briefing in opposition to Defendant WELLS FARGO BANK, N.A.'s ("Defendant") Motion to Dismiss Plaintiffs' Complaint for failure to state a claim.

1. **Wells Fargo Voluntarily Invoked California's Non-Judicial Foreclosure Law**

The courts are already divided on whether some of these borrower-protective trustee sale statutes are preempted by federal laws that regulate savings and loan associations and national banks. Here, Plaintiffs' proper remedy is identical to the remedy provided for under California Civil Code §2923.5, postponement of the trustee sale. *Mabry* concluded that section 2923.5 escaped federal preemption because "the *process of foreclosure* has traditionally been a matter of state real property law." (*Mabry v. Superior Court*, (2010) 185 Cal. App. 4th 208)

Plaintiffs are not seeking to use this court's power to impose a loan modification on Defendant. Given that the no foreclosure on the Subject Property has yet occurred; Plaintiffs' only remedy is to force Defendants to stop foreclosure activity so that they can explore foreclosure alternatives under Civil Code §2923.6.

One has to remember that Wells Fargo voluntarily invoked the remedy of California non-judicial foreclosure law. It voluntarily chose to utilize and subject itself to the requirements of California law, specifically California Civil Code § 2924 *et seq*. Claiming federal preemption, Wells Fargo now wants to exempt itself from non-judicial foreclosure's procedural requirements, or at least the ones it does not like.

The critical question in any preemption analysis is always whether Congress intended that federal regulation supersede state law. The starting presumption is that Congress has not intended federal preemption. Even *Mabry v. Superior Court* also holds that HOLA does not apply, nor does federal preemption. In this case, Wells Fargo's California State Law based non-judicial foreclosure of Plaintiffs' home has no relationship to the organization of the bank, its internal operations or federal oversight. The logical conclusion of accepting Wells Fargo's preemption

2
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

argument is that Wells Fargo's foreclosure remedies, because of HOLA, are in federal court.

Another logical conclusion is that Wells Fargo should be precluded from utilizing California non-judicial foreclosure law in its entirety, due the requirements of California non-judicial foreclosure law and its alleged conflict with HOLA. In other words, due to federal preemption, the non-judicial foreclosure which Wells Fargo initiated on December 7, 2011 is void. Wells Fargo's sole recourse, due to federal preemption, is *judicial* foreclosure in federal court. By Wells Fargo's own argument, the Notice of Default and the Notice of Trustee Sale are both void *ab initio*.

2. **Wells Fargo Does Not Operate Under HOLA**

Wells Fargo's argument that the Home Owners' Loan Act preempts its obligations under California's Home Owners Bill of Rights is misguided. Under HOLA, the Office of Thrift Supervision ("OTS") issued 12 C.F.R. section 560.2, which states that the "OTS hereby occupies the entire field of lending regulation for federal savings associations," thereby permitting federal savings associations to extend credit "without regard to state laws purporting to regulate or otherwise affect their credit activities ..." 12 C.F.R. § 560.2(a). Section 560.2 "preempts any state law which purports to regulate the lending activities of federal savings associations." *Harris v. Wachovia Mortgage, FSB*, 185 Cal. App. 4th 1018, 1025 (2010) (citation omitted).

Wells Fargo is organized and operates as a national association, as such not subject to or regulated by HOLA regulations. Defendant's motion expressly admits effective November 1, 2009, Wachovia Mortgage, FSB, became a division of Wells Fargo Bank, N.A.

Furthermore, Under HOLA, the Office of Thrift Supervision ("OTS") issued 12 C.F.R. section 560.2, which states that the "OTS hereby occupies the entire field of lending regulation for federal savings associations," thereby permitting federal savings associations to extend credit "without regard to state laws purporting to regulate or otherwise affect their credit activities ..." 12 C.F.R. § 560.2(a). Section 560.2 "preempts any state law which purports to regulate the lending activities of federal savings associations." *Harris v. Wachovia Mortgage, FSB*, 185 Cal. App. 4th 1018, 1025 (2010) (citation omitted).

Specifically, 12 C.F.R. §560.2(b) states some of the specific types of state laws that are preempted by HOLA, including those related to sections 4 and 10 of this section.  Section 4 states: The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; and section 10 includes Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.

Additionally, §560.2(c) identifies specific fields of State laws that are not preempted**.** State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:
    (1) Contract and commercial law;
    (2) Real property law;
    (3) Homestead laws specified in 12 U.S.C. 1462a(f) ;
    (4) Tort law;
    (5) Criminal law; and
    (6) Any other law that OTS, upon review, finds:
        (i) Furthers a vital state interest; and

(ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

Plaintiffs' claims and remedies under the complaint fall under Real Property and Tort Law; therefore, even if HOLA did apply, which it does not, Plaintiffs' claims would not be preempted here.

### 3. Plaintiffs' Claims are Not Barred by Federal Law

As a threshold argument, Defendant Wells Fargo argues that federal law preempts Plaintiffs' claims. This is a disingenuous argument because it completely ignores the terms and legal effect of the National Mortgage Settlement Consent Judgment and the accompanying Loss Mitigation Guidelines which are part of the Settlement Term Sheet.

As set forth in the Consent Judgment, in April 2012, the Attorneys General from 49 states and the Federal Government reached an historic settlement, with this Country's five largest banks and loan servicers including Defendant Wells Fargo, N.A., defendant herein.

The federal government's Complaint in this Consent Judgment alleged that Wells Fargo N.A. *violated* the Unfair Deceptive Acts and Practices laws of the United States, the False Claims Act, the Financial Institutions Reform, Recovery and Enforcement Act of 1989, the Service Members Civil Relief Act and the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Pursuant to this Consent Judgment, Defendant Wells Fargo consented to entry of the Consent Judgment, and agreed to waive any rights to appeal. Upon that consent and waiver, the Honorable Rosemary M. Collyer, District Judge of the United States District Court for the District of Columbia, ordered that Defendant Wells Fargo *pay billions of dollars* in settlement funds.

The operative servicing standards from the Consent Judgment provide in pertinent part:

> Notwithstanding any other provision of this Agreement, and to minimize the risk of borrowers submitting multiple loss mitigation requests for the purpose of delay, Servicer shall not be obligated to evaluate requests for loss mitigation options from (a) borrowers who have already been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of HAMP or proprietary modification programs, or (b) borrowers who were evaluated after the date of implementation of this Agreement, consistent with this Agreement, unless there has been a material change in the borrower's financial circumstances that is documented by the borrower and submitted to Servicer. (See National Mortgage Settlement, page A-29, section 12.)

This language from the National Mortgage Settlement *is the foundation* of California's Civil Code section 2923.6(g) in the California Homeowner's Bill of Rights which reads as follows:

> In order to minimize the risk of borrowers submitting multiple applications for foreclosure prevention alternatives for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrower who have already been evaluated or afforded a fair opportunity to be evaluated for a foreclosure prevention alternative prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity be evaluated consistent with the terms of this section, unless there has been a material change in the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Common sense dictates that the language of the Consent Judgment against Defendant Wells Fargo is not preempted by Federal Law. Therefore, Civil Code §2923.6, which is based on the exact language of the Consent Judgment, is also not preempted.

In addition, the Guidelines set forth standards for Defendant Wells Fargo including dual track foreclosure, and single point of contact respectively. Additional issues covered by the Litigation Guidelines include standards for Communication with borrowers (A-23); Loan modification timelines (A-25 through A-28); General Loss Mitigation Requirements (A-28 through A-29); Loss Mitigation During Bankruptcy (A-31) and Guidelines regarding the transfer of loan servicing during modification. (A-31 – 32.)

None of the items set forth in the Litigation Guidelines are barred by federal law and this motion should be overruled on this issue.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss based on the fact that Plaintiffs' claims are not preempted by HOLA and the remedy sought under the §2923.6 is a postponement of foreclosure to ensure Defendant reviews Plaintiffs for a foreclosure alternative.  To the extent that the Court is inclined to grant this motion, Plaintiffs respectfully request that the Court Plaintiffs leave to amend the Complaint to cure any deficiencies.


Respectfully Submitted.	Law Offices of Joseph R. Manning, Jr., APC


Dated:  April 10, 2013	By:____/S/ Babak Hashemi_____
	Babak Hashemi, Esq.
	Joseph R. Manning, Jr., Esq

# PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660.

On April 5, 2013 I served the true copies of the foregoing document described as **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** on the interested parties in this action, addressed as follows:

>**Served Electronically via Court's CM/ECF System:**
>*Attorneys for Defendant*
>AFRCT, LLP.
>David M. Newman
>199 South Los Robles Ave., Ste 600
>Pasadena, CA 91101

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this affidavit was executed on April 5, 2013.

_____/S/_____
Babak Hashemi